**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**EASTERN DIVISION AT COVINGTON**

|  |  |
|---|---|
| **JEFFREY CUNDIFF** ) | **CASE NO.** |
|     **1614 Euclid Ave** ) | |
|     **Covington, KY 41011** ) | **JUDGE** |
| ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | **COMPLAINT WITH JURY** |
| **V.** ) | **DEMAND** |
| ) | |
| **DOUGLAS ULLRICH, In his Individual** ) | |
| **Capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
|     **1 Memorial Drive** ) | |
|     **Covington, KY 41014** ) | |
| ) | |
| ) | |
| **AND** ) | |
| ) | |
| **MARK RICHARDSON, In his Individual** ) | |
| **Capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
|     **1 Memorial Drive** ) | |
|     **Covington, KY 41014** ) | |
| ) | |
| **DEFENDANTS** ) | |

---

Comes Plaintiff, Jeffrey Cundiff, by and through counsel, and for his Complaint

against the above- named Defendants, states as follows:

### PARTIES TO THE ACTION

1. Plaintiff, Jeffrey Cundiff, was at all times relevant a resident of Kenton

County, Kentucky, residing at the address listed above.

2. Defendant Ullrich was at all relevant times hereto a sworn peace officer

with the Covington, Kentucky Police Department located at 1 Memorial Drive,

1

Covington, KY 41014, and was at all relevant times acting under color of law.

3.     Defendant Richardson was at all relevant times hereto a sworn peace officer with the Covington, Kentucky Police Department located at 1 Memorial Drive, Covington, KY 41014, and was at all relevant times acting under color of law.

## JURISDICTION AND VENUE

4.     Plaintiff adopts, incorporates, and reiterates all previous paragraphs as if fully restated herein.

5.     This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. §§ 1983 and 1988, secured by the Fourth, First, and Fourteenth Amendments to the Constitution, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This Court has jurisdiction over these matters under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction of the State law claims for battery and intentional infliction of emotional distress, and various other common and state law claims, under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

6.     This Court is the proper venue for this matter under 28 U.S.C. § 1391, because all of the events giving rise to this action took place within this judicial district in Covington, Kentucky, Kenton County.

## FACTUAL ALLEGATIONS

1.     Plaintiffs adopt, incorporate, and reiterate all paragraphs as if fully restated herein.

2.     On or about June 8, 2020, Plaintiff was stopped by Defendant Ullrich for running a stop sign.

3.     After stopping his vehicle, Defendant Ullrich ordered Plaintiff out of the vehicle

and placed him in handcuffs.

4. Immediately after placing Plaintiff in handcuffs, Defendant Ullrich performed a pat down for weapons.

5. After Plaintiff was patted down, he was taken to a curb nearby and told to sit.

6. At this time, Defendant Richardson performed a dog sniff search of Plaintiff's car using a canine.

7. Upon performing the search, the canine made no detectable signals of a positive indication for the presence of drugs.

8. Defendant Richardson informed the officers on the scene that the canine "hit" on the car indicating the presence of drugs.

9. Upon information and belief, the canine either made no indication of a presence for illegal narcotics or alternatively was trained in such a way that a positive indication for the presence of narcotics could be made even after those narcotics were removed from the location hours or even days earlier.

10. Upon information and belief, Defendant Richardson was aware of these issues relating to the reliability of his canine.

11. Defendants and other officers on the scene conducted a search of Plaintiff's vehicle.

12. The only contraband found was a small amount of shake and a marijuana seed found inside the purse of Plaintiff's passenger.

13. This contraband was not seized nor documented by Defendants or other officers at the scene.

14. Upon information and belief, the majority of drug detection canines are trained

to only hit on significant quantities of drugs and not on smaller amounts of shake or residue.

15.     Upon the "discovery" of the contraband in the purse of Plaintiff's passenger, Defendants and/or other officers at the scene conducted a second search of the Plaintiff and his passenger to search for contraband.

16.     During the course of the search of Plaintiff's passenger, a female officer performed a standard over-the-clothes search for contraband.

17.     Plaintiff was brought to stand in front of Defendant Ullrich's cruiser in order to be searched.

18.     Defendant Ullrich passed his hands beneath Plaintiff's clothes and ran his hand between Plaintiff's buttocks during his search for contraband.

19.     During the search of Plaintiff's buttocks, Defendant Ullrich inserted a finger into Plaintiff's rectum.

20.     Upon Defendant Ullrich's insertion into Plaintiff's rectum, Plaintiff tensed up and Defendant demanded that Plaintiff stop squeezing his but cheeks together.

21.     During the course of performing the physical body cavity search on Plaintiff, Defendant Ullrich also conducted a visual strip search of Plaintiff's buttocks.

22.     After repeating this demand multiple times, and multiple times running his hand between Plaintiff's buttocks and rectum, Defendant Ullrich then reached around in front of Plaintiff.

23.     Defendant Ullrich pulled Plaintiff's underwear out and reached his hand down the front of Plaintiff's body where he fondled Plaintiff's genitalia.

24.     After performing the searches, Defendant Ullrich asked Plaintiff what he had hidden up his butt.

25.     In response, Plaintiff informed Defendant Ullrich that he did not have anything hidden inside him and informed his that he would consent to a body cavity search if it was performed by a doctor, so that Defendant Ullrich would stop the sexual assault.

## COUNT I
## VIOLATION OF FOURTH AMENDMENT RIGHTS

26.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

27.     Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures by state actors.

28.     Defendant Ullrich's actions, performed under color of law, in inserting a finger into Plaintiff's rectum, repeatedly rubbing his hand between Plaintiff's buttocks and over Plaintiff's rectum, fondling Plaintiff's genitalia, and viewing Plaintiff's buttocks during the search was unreasonable and not supported by probable cause, reasonable suspicion, or consent by Plaintiff, violated Plaintiff's rights under the Fourth Amendment.

## COUNT II
## VIOLATION OF FOURTH AMENDMENT RIGHTS

29.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

30.     Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures by state actors.

31.     Defendant Richardsons actions, performed under color of law, in providing officers at the scene of Plaintiff's traffic stop with a false hit on the detection of drugs by his canine violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches.

32.     Upon information and belief, Defendant Richardson was aware that his canine had not provided the necessary affirmation of the presence of drugs or was otherwise trained in such a way that the canine's hit for a positive indication of the presence of drugs was so minimal as to provide to basis for probable cause.

## COUNT III
## CIVIL CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

33.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

34.     Defendants Richardson and Ullrich, together and/or in concert with other officers at the scene of Plaintiff's traffic stop, conspired by force, intimidation and/or threat and intended to deprive Plaintiff of his rights, privileges, and immunities under the laws of the Commonwealth of Kentucky and the United States' Constitutions, Statutes, and case law.

35.     Plaintiff is entitled to assert, and hereby does assert, a private cause of action for the recovery of all of their injuries and damages, as herein alleged or demanded, occasioned by the deprivation of his rights by the co-conspirators as set forth herein, pursuant to 42 U.S.C. § 1985, 18 U.S.C. §241 and all other applicable federal law.

## COUNT IV
## FIRST AMENDMENT RETALIATION

36.     Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

37.     Making a statement regarding a persons displeasure with an officer is a protected activity under the First Amendment of the United States Constitution.

38.     Defendant Ullrich, upon hearing the statement, removed Plaintiff from his vehicle and placed him in handcuffs.

39.     During the subsequent search of Plaintiff, Defendant Ullrich's conduct was such that any person making a similar statement would dissuade or chill any reasonable person with continuing such activity.

40.     Defendant Ullrich had no probable cause to support the continued detention of Plaintiff and certainly did not have probable cause to conduct the unreasonable search of Plaintiff.

## DAMAGES

41.     Plaintiff adopts, incorporates and reiterates all paragraphs as if fully restated herein:

42.     As a consequence of Defendants' wrongful conduct, Plaintiff was injured by the Defendants, causing Plaintiff to be subjected to an increased stop, multiple searches of his person and vehicle, emotional distress, suppression of his first amendment rights, and fear of peace officers.

43.     As a result of the foregoing, Plaintiff experienced unnecessary pain and suffering and severe and unjustified mental and emotional distress for which Plaintiffs are entitled to recover actual damages.

44.     Furthermore, Defendants' violations of the Plaintiff's rights were knowing, intentional, reckless, cruel and malicious, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment on all counts in addition to cost and interest associated with the disbursement of this action.  Plaintiff also requests a trial by jury; actual and

punitive damages; and costs, attorney fees, pre- and post-judgment interest and all other relief to which he is entitled.

Respectfully submitted,

s/ Christopher D. Roach

Christopher D. Roach (95007)
Benjamin T.D. Pugh (94032)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
859.291.5555
chris@prlaw.legal; tom@prlaw.legal