*The City of Covington Police Department*

*General Orders*

| G.O. 05.02 | **STRIP SEARCH** | |
|---|---|---|
| Issued: 3/19/2012 | Standards (CALEA 1.2.8) (KACP 1.4) | Revised: 6/9/2016 |

**GENERALORDER 05.02 – STRIP SEARCH**

**This order consists of the following sections:**

5.2.1   Purpose
5.2.2   Definitions
5.2.3   Strip Searches in the Field
5.2.4   Strip Searches Incidental to Arrest
5.2.5   Strip Search Guidelines
5.2.6   Body Cavity Search
5.2.7   Strip Search of Juveniles
5.2.8   Recordings of Strip Searches with Personal Recording Equipment (PRE)

**5.2.1   Purpose (CALEA 1.2.8c)**

This policy provides Officers with guidelines for determining if, and under what conditions, the use of strip searches and body cavity searches are legally permissible. It also establishes guidelines for the appropriate conduct of such searches.  An Investigative Report shall be completed whenever a full, or partial, strip search or a body cavity search is conducted

**5.2.2   Definitions**

A. Full Strip Search:  Having a suspect or prisoner remove all clothing exposing the genital areas, anus, buttocks or female breasts in order to permit the visual or manual inspection of any, or all, skin surfaces.
B. Partial Strip Search:  Having a suspect or prisoner remove, or arrange, any article(s) of their clothing, exposing any area(s) of the body that are not readily visible without the removal, or arranging, of the article(s). These areas might include the genital areas, anus, buttocks or female breasts.
C. Body Cavity Search:  Any search involving not only visual inspection of skin surfaces but also the internal physical examination of body cavities and, in some instances, organs, such as the stomach.

**5.2.3   Strip Searches in the Field (CALEA 1.2.4, 1.2.8a-b) (KACP 1.4c)**

A. Strip searches without a warrant are presumed to be unreasonable and therefore prohibited by the Fourth Amendment, unless there are certain exigent circumstances and probable cause. Strip searches are among the most intrusive

CPD002331

actions that an Officer can make, and consequently, they are subjected to very close scrutiny.
B. Strip searches of individuals in the field who have not been arrested may be conducted only in the following exigent circumstances
   1. When there is probable cause to believe that evidence will be destroyed, or lost, in the absence of an immediate strip search; or
   2. When there is probable cause to believe that an immediate search is necessary to prevent imminent danger to the safety, or health, of the Officer or the public.
C. Officers are prohibited from conducting either a partial, or full, body strip search in the field, in public view, unless probable cause of a threat of imminent danger to the Officer, or the public, exists. Without an imminent threat of danger, strip searches shall be conducted out of public view. Full body strip searches shall only occur in extreme cases. Otherwise, a warrant shall be obtained, or an arrest made, before a strip search is conducted.

### 5.2.4   Strip Searches Incidental to Arrest (CALEA 1.2.4, 1.2.8a)

The arrest of an individual does not automatically justify a strip search. Before an Officer may conduct a strip search incidental to arrest, the Officer must have probable cause to believe that the arrestee is carrying a weapon, illegal drugs or contraband.

### 5.2.5   Strip Search Guidelines (CALEA 1.2.4, 1.2.8a-b, 41.2.4) (KACP 1.4e)

A. The following guidelines shall be followed when conducting a strip search:
   1. Except in exigent circumstances where time constraints prohibit prior approval, Supervisory approval is required before conducting a strip search. In the event that the suspect's actions warrant an immediate search, the Supervisor shall be notified immediately following the search and apprised of the circumstances
   2. The search shall be conducted, and witnessed, by Officers of the same gender as the suspect. The search shall be performed in a location where the search cannot be observed by persons not conducting, or witnessing, the search in an official capacity.
   3. Officers are prohibited from conducting full body strip searches in the field, in public view, unless probable cause exists regarding a threat of imminent danger to the Officer. Full body strip searches shall only occur in extreme cases.
   4. Officers are to give transgender or intersex persons the option of choosing to be strip searched by employees of either gender. This choice shall be documented on personal recording equipment (PRE).
   5. Officers are prohibited from using strip searches alone to determine a person's gender.

   6. A Terry Stop does not give an Officer the authority to conduct a strip search.
- B. A Terry Stop only allows for the pat down of the person's outer clothing when the Officer has reasonable grounds to believe that the person is armed, and is limited in scope to search for weapons for the protection of Officers, and others, at the scene.

### 5.2.6   Body Cavity Search (CALEA 1.2.8a-b)

- A. If the visual examination of a suspect during a strip search or other information leads an Officer to believe that the individual is concealing a weapon, evidence or contraband within a body cavity, the Officer shall consult with his/her immediate Supervisor to determine whether probable cause exists to seek a search warrant for a body cavity search.
- B. Body cavity searches shall be performed only by medical personnel in a medical facility, pursuant to a search warrant or court order.

### 5.2.7   Strip Search of Juveniles

- A. Per the U.S. Sixth Judicial Circuit, "unclothed visual observation of a juvenile accused of a non-violent offense violates the Fourth Amendment in the absence of individualized reasonable suspicion of possession of contraband."
- B. When employees have reason to believe that there is a need to strip search a juvenile, a Supervisor shall be contacted prior to conducting the search.
- C. All elements of this policy shall be in effect when juveniles are involved.

### 5.2.8   Recordings of Strip Searches with Personal Recording Equipment (PRE)

- A. When conducting strip searches, Officers shall video and audio record a 360 degree view of the location where the strip search is taking place.
- B. Officers shall only record the audio portion of the actual strip search by positioning the camera away from the person on whom the strip search is being conducted.