**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-DLB**

JEFFREY CUNDIFF                                                                    PLAINTIFF

v.

DOUGLAS ULLRICH, *et al.*                                                         DEFENDANTS

---

**DEFENDANT'S MOTION IN LIMINE**

---

Defendant, Douglas Ullrich, by and through counsel, and pursuant to the Court's Order of August 22, 2023, respectfully moves the Court to preclude Plaintiff, Jeffrey Cundiff, from (1) eliciting testimony about, introducing evidence related to, or referencing the following:

**I.      CUNDIFF MUST BE PRECLUDED FROM PRESENTING EVIDENCE ABOUT MEDICAL EXPENSES AT TRIAL**

Rule 26(a)(1)(A)(iii) requires each party who seeks damages to include in its initial disclosures "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based … ." Additionally, Rule 26(e)(1) requires a party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – to supplement or correct its disclosure or response if the party learns that the disclosure or response is incomplete, and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing.

1

In his Initial Disclosures, Cundiff stated that he "has not determined the full extent of the damages," but said he anticipated seeking damages for lost wages in an unknown amount that he would later supplement, for pain and suffering, and for emotional distress. (Exh. 1) He never supplemented these Initial Disclosures. Then, in response to an interrogatory that asked him to "list each item of damages which you are claiming and with respect to each item, ... state the dollar amount of your claim," Cundiff indicated:  "I am seeking payment of medical expenses related to my visits with Ellana Harris MD., PhD., an amount decided by the jury for pain and suffering including emotional distress up to $500,000, and punitive damages as determined by a jury not to exceed $4,500,000." (Exh. 2) He did not provide a computation of the medical expenses he seeks to recover, and did not provide any documents – such as medical bills – to demonstrate the amounts he was seeking.

Having failed to initially disclose that he was seeking medical expenses, and having failed to produce any documents on which a claim for medical expenses could be premised, Cundiff did not comply with Rule 26(a)(2)(A)(iii). Having failed to later supplement his Initial Disclosures to provide that information or those documents, Cundiff did not comply with Rule 26(e)(1). And, since he failed to include the amount of medical expenses he is seeking on in response to an interrogatory that specifically requested such information, Cundiff's response to that interrogatory was incomplete and should have been supplemented under Rule 26(e)(1).

Since he has not complied with the Rules related to the disclosure of medical expenses, and since he has never produced any medical bills or other documents to demonstrate what his medical expenses allegedly are, Cundiff must be precluded from introducing any evidence of medical expenses at the trial of this matter.

II.   **CUNDIFF MUST BE PRECLUDED FROM CALLING DR. ELANA HARRIS TO TESTIFY AT TRIAL, OR, ALTERNATIVELY, MUST BE PRECLUDED FROM ELICITING OPINIONS FROM HER RELATED TO CAUSATION**

Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the expert was retained or specifically employed to provide expert testimony on the party's behalf, or if the expert's duties as the party's employee regularly involve giving expert testimony, the party's disclosure must be accompanied by a written report. Fed. R. Civ. Proc. 26(a)(2)(B). If not, a report is not required. Fed. R. Civ. Proc. 26(a)(2)(C). However, even when an expert report is not required, expert disclosures must state: (1) the subject matter on which the expert is expected to testify, and (2) a summary of the facts and opinions underpinning the expected testimony. *Id.*; *West v. Heimermann*, 2023 U.S. App. LEXIS 3167 (6th Cir.).

In his Initial Disclosures, Cundiff identified Dr. Elana Harris as a person with discoverable information, indicating that, as "Plaintiff's treating physician for PTSD, severe anxiety disorder, and other emotional conditions brought on or exacerbated by the actions of Defendants." (Exh. 1) And, in response to a written discovery request asking him to "produce a report and resume/CV from each and every expert witness," Cundiff responded: "Plaintiff's only expert witness is a 26(a)(2)(c) treating physician." (Exhibit 2) Cundiff, however, has never provided an expert disclosure that states a summary of the facts and opinions underpinning Dr. Harris' anticipated testimony.

Having failed to do so, Cundiff must be precluded from calling Dr. Harris to testify for any purpose at trial.

3

Alternatively, assuming *arguendo* Cundiff is permitted to call Dr. Harris, she must be precluded from testifying that Ullrich's actions caused or exacerbated Cundiff's mental health conditions. If a treating physician expects to testify about causation, she must provide a written report that complies with Rule 26(a)(2)(B); otherwise, she is limited to testifying about her own diagnosis and treatment of the plaintiff. *Mohney v. USA Hockey, Inc.*, 138 Fed. Appx. 804 (6th Cir. 2005), citing *Ridder v. City of Springfield*, 1997 U.S. App. LEXIS 5118 (6th Cir.) (upholding district court's ruling that limited the plaintiff's treating physicians from testifying beyond the scope of their own diagnosis and treatment of plaintiff, since treating physicians did not submit a Rule 26(a)(2)(B) report). <u>See</u> <u>also</u> *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924 (E.D. Ky. 2014) ("when the nature and scope of the physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert witness report from that treating physician").

Thus, assuming *arguendo* that Cundiff is not altogether prohibited from calling Dr. Harris due to his failure to comply with Rule 26(a)(2)(C), he must at least be prohibited from eliciting testimony from her to the effect that Ullrich caused Cundiff's mental health conditions, or that Ullrich's caused an exacerbation of Cundiff's pre-existing mental health conditions.

### III.   CUNDIFF MUST BE PRECLUDED FROM PRESENTING EVIDENCE OF OTHER LAWSUITS AGAINST ULLRICH

Finally, Cundiff must be precluded from presenting evidence of other lawsuits against Ullrich.

First, other lawsuits against Officer Ullrich are irrelevant to the determination of *this* lawsuit. That all evidence must be relevant to be admissible is arguably the most fundamental rule of evidence. See Fed. R. Evid. 402. Under FRE 401, evidence is relevant if

4

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

The outcome of this action is entirely dependent on whether the jury believes (a) that the search Officer Ullrich conducted of Cundiff on June 8, 2020, was unreasonable or (b) that Officer Ullrich's decision to search Cundiff on that date was motivated by the fact that Cundiff called him a "dick sucker." *U.S. v. Ruffin*, 979 F.3d 538 (6th Cir. 2020) (elements of Fourth Amendment unreasonable search claim); *Campbell v. Mack*, 777 Fed. Appx. 122 (6th Cir. 2019) (elements of First Amendment retaliation claim). The fact that Officer Ullrich has been sued for conduct that allegedly occurred on other occasions and in other contexts has no bearing whatsoever on these determinations. *Banks v. Mich. Dept. of Corrections*, 2018 U.S. App. LEXIS 3460 at *3-*4 (6th Cir.) (upholding trial court's decision to exclude evidence of another lawsuit against the defendant on relevancy grounds); *Shadrick v. Southern Health Partners, Inc.*, 2016 U.S. Dist. LEXIS 118431 (W.D. Ky.) (excluding evidence of other lawsuits against the defendant on relevancy grounds). Consequently, other lawsuits are irrelevant.

Moreover, even if they were somehow relevant, Cundiff only wants to use these incidents as examples of Officer Ullrich's "other bad acts" to prove that he had a propensity to conduct unlawful searches or to engage in other misconduct. FRE 404(b) clearly prohibits the introduction of other bad acts evidence for this purpose. FRE 404(b) provides: "Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See Helfrich v. Lakeside Park Police Department,* 497 Fed. Appx. 500 (6th Cir. 2012) (upholding district court's decision to exclude testimony regarding police officer's use of force against someone other than the plaintiff).

Therefore, Officer Ullrich respectfully requests that the Court enter an Order precluding Cundiff and his counsel from making any reference to, or attempting to introduce evidence regarding, other lawsuits against Officer Ullrich at the trial of this matter.

## IV.      CONCLUSION

For the reasons stated *infra*, Defendant Doug Ullrich prays that his Motion in Limine be granted.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87960)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

## CERTIFICATE OF SERVICE

I hereby certify that on this **17th** day of November, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.