**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-JMH**

**JEFFREY CUNDIFF**                                                                              **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH, *et al.***                                                          **DEFENDANTS**

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

---

Plaintiff, Jeffrey Cundiff, through counsel, hereby provides his response to Defendants'
First set of Interrogatories and Request for Production of Documents.

### **INTERROGATORIES**

1.      Please provide your full name, address, date of birth and Social Security Number.

**ANSWER:**      **Jeffrey Bruce Cundiff, 3000 Decker Crane Ln., Covington, KY 41017,** ▮▮▮▮
▮▮▮▮▮▮▮▮

2.      Please provide the mailing address for each and every residence you have
maintained during the last ten (10) years, and for each residence provide the inclusive dates of the
residence.

**ANSWER:** **1614 Euclid Ave., Covington, KY 41014 from 2012-2022; 1008 Grand Ave.,**
**Cincinnati, OH 45204 from 2007-2012.**

3.      Please provide the name, address, and telephone number of each business that, or
person who, has employed you in any capacity in the last ten (10) years. For each employer, state
your position, the name of your immediate supervisor, and the dates during which you were
employed.

**ANSWER: Covington, Kentucky- Solid Waste Department. Worked there for roughly 1 and ½ years, starting in 2019 or 2020. Don't remember supervisor or pay rate.**

**M&M Construction. Worked for Mike Cundiff for the last 10 years off and on.**

**Mubea, Inc., Florence, KY. Worked there about 8 years ago.**

4.     Please provide the name and address of each educational institution you have attended, including any high school, college, or vocational training institution. As to each institution, state the dates you attended, the degree(s) you obtained, or highest grade attended.

**ANSWER: Campbell County High School 2004-2006. Dropped out Sophomore year and never obtained a GED.**

5.     Identify each and every health care and medical provider with whom you have treated, including, but not limited to, your family physician; physician(s); doctor(s); specialist(s); psychologist(s); psychiatrist(s); counselor(s) of any kind; and/or other mental health professional(s) within the last ten (10) years.

**ANSWER: I've been to Saint Elizabeth for Emergency Department visits on multiple occasions.**

**I went to UC Emergency Department for a broken back related to a car accident.**

**I use Health Point for dental work.**

**I've also used Elana Harris, for psychological treatment related to this case starting about six months after the incident. 333 Burnett Ave., Cincinnati, OH 45229.**

6.     In Count I of the Complaint, you allege that the Defendant violated your rights against the Fourth Amendment – to be free from unreasonable searches and seizures. With respect to this allegation, please:

  a.     Identify the specific Defendant(s) against whom you assert this allegation.
  a.     For each Defendant(s) identified in response to (a), identify each and every action you allege he took which constituted an unreasonable search and seizure.
  b.     Identify each and every person whom you believe has knowledge of the information provided in response to (b).
  c.     Identify and describe all injuries which you sustained as a result of the alleged Fourth Amendment unreasonable search and seizure.

**ANSWER:     Count I applies to Defendant Ullrich's actions. Specifically in performing both strip search and body cavity search of Plaintiff. Plaintiff suffered emotional distress as a result of the violation of the Fourth Amendment. Plaintiff has identified all persons known to have knowledge of this claim in his initial disclosures. Plaintiff is seeking full damages as indicated in Interrogatory 13 jointly and severally from Defendants.**

7.     In Count II of the Complaint, you allege that the Defendant violated your rights against the Fourth Amendment – to be free from unreasonable searches and seizures. With respect to this allegation, please:

  a.     Identify the specific Defendant(s) against whom you assert this allegation.
  b.     For each Defendant(s) identified in response to (a), identify each and every action you allege he took which constituted an unreasonable search and seizure.
  c.     Identify each and every person whom you believe has knowledge of the information provided in response to (b).
  d.     Identify and describe all injuries which you sustained as a result of the alleged Fourth Amendment unreasonable search and seizure.

**ANSWER:     Count II applies to Defendant Richardson's actions. Specifically in use of Canine Zino to attempt to establish probable cause to search Plaintiff's vehicle when Zino provided no indication of the odor of narcotics on or about the vehicle. Plaintiff has identified all persons known to have knowledge of this**

**claim in his initial disclosures. Plaintiff is seeking full damages as indicated in Interrogatory 13 jointly and severally from Defendants.**

8.    In Count III of the Complaint, you allege that the Defendants "conspired by force, intimidation and/or threat and intended to deprive Plaintiff of his rights, privileges, and immunities." With respect to this allegation, please:

   a.    Identify the specific Defendant(s) against whom you assert this allegation.
   b.    For each Defendant(s) identified in response to (a), identify each and every action you allege he took which constituted a civil conspiracy to violate Plaintiff's civil rights.
   c.    Identify each and every person whom you believe has knowledge of the information provided in response to (b).
   d.    Identify and describe all injuries which you sustained as a result of the alleged civil conspiracy.

**ANSWER: Count III applies to both Defendants. Defendant Richardson used his canine to provide probable cause, which did not exist and was not provided by his canine as there was no signal of a positive indication of the odor of narcotics so that both Defendants could search Plaintiff's vehicle and ultimately so that Defendant Ullrich could search Plaintiff's person. In that search of Plaintiff's person, Defendant Ullrich conducted a strip search and body cavity search without probable cause. Plaintiff is seeking full damages as indicated in Interrogatory 13 jointly and severally from Defendants.**

9.    In Count IV of the Complaint, you allege that the Defendant retaliated against the Plaintiff. With respect to this allegation, please:

   a.    Identify the specific Defendant(s) against whom you assert this allegation.
   b.    For each Defendant(s) identified in response to (a), identify each and every action you allege he took which constituted retaliation.
   c.    Identify each and every person whom you believe has knowledge of the information provided in response to (b).
   d.    Identify and describe all injuries which you sustained as a result of the alleged retaliation.

**ANSWER: Count IV applies to Defendant Ullrich. Plaintiff alleges that Defendant Ullrich's actions starting from removing Plaintiff from the vehicle through the point that searches were completed and the citation were issued were in retaliation for Plaintiff's statements and alleged action of obscene hand gesture toward Defendant Ullrich.   Plaintiff has identified all persons known to have**

**knowledge of this claim in his initial disclosures. Plaintiff is seeking full damages as indicated in Interrogatory 13 jointly and severally from Defendants.**

10.    Please identify each and every person whom you believe has information relevant to the claims made in your Complaint. For each person identified, provide a summary of the information you believe that person possesses.

**ANSWER: See Plaintiff's Initial Disclosures.**

11.    Identify each and every person whom you anticipate calling as a fact witness at the trial of this matter.

**ANSWER: I have not decided who I will call as a fact witness in this matter and will provide my fact witness lists in accordance with the Court's scheduling orders. Plaintiff reserves the right to call any person identified by Defendants or himself during discovery.**

12.    Identify each and every person whom you anticipate calling to offer expert opinion testimony at the trial of this matter. As to each such person, provide the information required by Civil Rule 26.

**ANSWER: Elana Harris, for psychological treatment related to this case starting about six months after the incident. 333 Burnett Ave., Cincinnati, OH 45229.**

13.    Pursuant to CR 8.01 please list each item of damages which you are claiming and with respect to each item, identify the party against whom the damages are sought and state the dollar amount of your claim.

**ANSWER: I am seeking payment of medical expenses related to my visits with Ellana Harris MD., PhD., an amount decided by jury for pain and suffering including**

**emotional distress up to $500,000 and punitive damages as determined by a jury not to exceed $4,500,000.**

14.     Identify all social media or social networking accounts that you have (including but not limited to any and all Facebook accounts, Twitter accounts, MySpace accounts, and Instagram accounts), state your username for each account identified, provide a link to each page's URL, and identify all posts and photographs to these accounts that relate to the allegations in your Complaint.

**ANSWER: I have had Facebook, Snapchat, Instagram, TikTok, and possible Twitter. I am unsure what my usernames were for the accounts and do not have access to the internet as I am incarcerated and unable to determine the usernames or provide URL's for the same.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please execute and return the attached Authorization for Release of Employment Records.

**RESPONSE: Attached as Production 1**

2.     Produce each and every document in your possession, custody or control that supports or otherwise reflects the facts you identified in response to Interrogatory 8.

**RESPONSE: See Initial Disclosures:**
**1. Citation**
**2. Courtnet printout**
**3. Four body cam videos**
**4. One dash cam video**

3.     Produce each and every document in your possession, custody or control that supports or otherwise reflects the facts you described in response to Interrogatory 9.

**RESPONSE:**
**1.Citation**
**2. Courtnet printout**
**3. Four body cam videos**
**4. One dash cam video**

4.      Produce each and every document in your possession, custody or control that

supports or otherwise reflects the facts you described in response to Interrogatory 10.

**RESPONSE: Citation**
**2. Courtnet printout**
**3. Four body cam videos**
**4. One dash cam video**

5.      Produce each and every document in your possession, custody or control that

supports or otherwise reflects the facts you described in response to Interrogatory 11.

**RESPONSE: Citation**
**2. Courtnet printout**
**3. Four body cam videos**
**4. One dash cam video**

6.      Produce each and every document in your possession, custody or control that

supports or otherwise reflects the damages you described in response to Interrogatory 15.

**RESPONSE: Citation**
**2. Courtnet printout**
**3. Four body cam videos**
**4. One dash cam video**

7.      Produce a report and resume/CV from each and every expert witness whom you identified in response to Interrogatory 14.

**RESPONSE: Plaintiff's only expert witness is a 26(a)(2)(c) treating physician.**

8.      Produce all photographs, and/or recordings, and/or video recordings of the events surrounding the incident described in your Complaint.

**RESPONSE: See Initial Disclosures.**

Respectfully submitted,

/s/ Christopher D. Roach
Christopher D. Roach (95007)
Pugh & Roach Attorneys at Law, PLLC
28 West Fifth Street
Covington, KY 41011
chris@prlaw.legal
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail on September 16, 2022, upon the following:

Jeffrey C. Mando

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.