**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                     **PLAINTIFF**

**v.**

**DOUGLAS DEFENDANT,** *et al.*                               **DEFENDANTS**

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, Jeffery Cundiff, by and through counsel, and pursuant to the Court's Order of August 22, 2023, respectfully moves the Court to preclude Plaintiff, Jeffrey Cundiff, from (1) eliciting testimony about, introducing evidence related to, or referencing the following:

**I.**     **Defendant Must be Precluded From Presenting Evidence About Plaintiff's Prior Bad Acts under Rule 404(b) of the Federal Rules of Evidence.**

Plaintiff seeks to exclude any mention of Plaintiff Cundiff's prior or subsequent acts, conviction, and incarceration under Rule 404(b) of the Federal Rules of Evidence because any such use of this information is an impermissible use of character evidence. Rule 404(b) of the Federal Rules of Evidence provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). The Rule continues that evidence "may be admissible for another purpose such as knowledge, motive, opportunity, intent, preparation, plan, identity, absence of mistake, or lack of accident." *Id.*

Character evidence is used in two ways: 1) in which character is an element of a crime and; 2) where character evidence is used to suggest an inference that the person acted based on that character trait on the occasion in question. FRE 404 *See* Advisory Note 2. When character is not

1

an element of the claim, character evidence is admissible only to show some other purpose such as the purposes listed above: "knowledge, motive, opportunity, intent, preparation, plan, identity, absence of mistake, or lack of accident." *Id.*

Plaintiff, Jeffrey Cundiff, was convicted of 1st degree strangulation on October 3, 2022 and is currently serving time for this offense which is completely unrelated to the present litigation. This event giving rise to possible character evidence took place over two years after the incident at issue in this case. At present, the Defendant, Ulrich, is on trial for the alleged violation of Plaintiff's right to be free from unreasonable search and seizure. (R. 1 - Complaint, Page ID# 1). In response, Defendant has pled several defenses including, but not limited to, qualified immunity, waiver, statute of limitations, failure to mitigate, and the doctrine of unclean hands. Character is not an element of any claim or defense offered by either party, therefore, here, character evidence can only be used circumstantially to prove that a party acted based on the character shown by the evidence. This includes evidence of Plaintiff's charge, conviction, and incarceration, which is only relevant to Plaintiff's character. This means that the character evidence can only be used to show that Plaintiff acted based on that character trait. Plaintiff's actions are not the subject of this trial. The evidence of Plaintiff's charge, conviction, and incarceration could only be used to prove the defenses raised by Defendant.

Plaintiff's prior conviction has no bearing on any procedural defenses Defendant raised. The doctrine of Unclean Hands is stated to prohibit any plaintiff who has committed "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor" from bringing a cause of action. *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806 (1945). The evidence of Plaintiff's charge, conviction, and incarceration is not relevant to the

doctrine of Unclean Hands because this evidence does not concern the cause of action. It is alleged Plaintiff was pulled over and subjected to multiple searches. (R. 1, Page ID# 1). The charge, conviction, and incarceration of Plaintiff had not occurred when the events alleged in the Complaint took place. There is no causal nexus between the charge, conviction, and incarceration and the events alleged in the Complaint. The evidence of Plaintiff's prior conviction could not be used to show that it had an effect on either Plaintiff or Defendant in the course of the occasion in question. The evidence of Plaintiff's prior charge, conviction, and incarceration cannot be used to show "knowledge, purpose, motive, opportunity, intent, preparation, plan, identity, absence of mistake, or lack of accident" on the part of Plaintiff because the events that led up to the charge, conviction, and incarceration had not happened at the time that Plaintiff was pulled over and searched as alleged in the complaint.

Thus, the only use for the evidence of Plaintiff's prior charge, conviction, and incarceration can only be used to suggest that Plaintiff is a bad actor and that because Plaintiff is a "bad actor" they should not recover in the present case. This is an impermissible use of character evidence and is prohibited by FRE 404(b). Accordingly, Plaintiff asks that such evidence be precluded from admission.

## II. Because The Evidence Is Not Probative Of Any Consequential Fact, It Is Irrelevant, And Therefore Must Be Excluded Under Rule 401.

Rule 402 of the Federal Rules of Evidence provides that only "relevant evidence" may be presented to the Court. Fed. R. Evid. 402. Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FRE 401. In this case, evidence of Plaintiff's prior acts, convictions, and incarceration have no tendency to prove or disprove any fact of consequence to either his claim or Defendant's defenses.

The details and nature of Plaintiff's prior acts are not germane to the questions at issue. As stated above, Plaintiff's strangulation conviction occurred over two years later and was a completely unrelated matter. Likewise, evidence of acts predating Plaintiff's encounter with Defendant has no probative value. There is no logical nexus wherein this evidence can help prove whether or not it was wrongful for Defendant to digitally penetrate Plaintiff. Whether Plaintiff did or did not commit prior bad acts is not of consequence in determining whether his rights were violated in the course of Defendant's conduct. Defendant had a duty to provide him with the same standard of treatment as all suspects are entitled to. No part of the character evidence available against Plaintiff serves to diminish that duty. Because the character evidence has no tendency to answer a question dispositive to this case, it is not relevant under Rule 401 and should be precluded from admission. Fed. R. Ev. 401.

### III. Defendant Must Be Precluded From Presenting Evidence About Plaintiff's Prior Bad Acts Because It Is Unfairly Prejudicial To Plaintiff Under FRE 403 Of The Federal Rules Of Evidence.

Should the Court somehow find probative value in the evidence offered by Defendant, its admission should still be precluded by FRE 403 of the Federal Rules of Evidence. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Ev. 403. It is clear that, in this case, evidence of Plaintiff's prior bad acts would be unfairly prejudicial. This evidence would be used by Defendant to impugn Plaintiff's character with the jury, while having no other clear relevant purpose. Plaintiff's charge, conviction, and incarceration occurred over two years after the events alleged in the Complaint. This evidence could not affect the actions of either individual in the events alleged in the Complaint. It could only be used to

create the inference that Plaintiff is a bad actor. The same is true for evidence of Plaintiff's acts taking place before he met Defendant. The low probative value of this character evidence is substantially outweighed by the risk of unfairly prejudicing the jury against Plaintiff. It would also pose a risk of "confusing the issues" as, once again, Defendant's conformity with police procedure is the real issue, not any wrongdoing by the Plaintiff.

Because the prejudice that would be created by prior bad acts evidence far outweighs its probative value with regards to Plaintiff's claim, it should be precluded from admission by this Court pursuant to Rule 403. Fed. R. Ev. 403.

### IV. Conclusion

For the reasons stated *infra*, Plaintiff Jeffery Cundiff prays that his Motion in Limine be granted.

Respectfully submitted,

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
CHRISTOPHER D. ROACH (KY 95007)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH
PUGH & ROACH, ATTORNEYS AT LAW, PLLC