**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                                            **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH,** *et al.*                                                    **DEFENDANTS**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendant, Douglas Ullrich, by and through counsel, and pursuant to the Court's Order of August 22, 2023, respectfully submits this Response to Plaintiff's Motion in Limine (R. 51).

**I.   CUNDIFF'S CONVICTIONS ARE ADMISSIBLE**

At trial, Ullrich will seek to present evidence that Cundiff was convicted of the following crimes, as well as the general circumstances that gave rise to those crimes, and the sentences he received in connection with those crimes:

- Strangulation in the First Degree in violation of KRS 508.170 and Being a Convicted Felon in Possession of a Handgun in violation of KRS 527.040, both in *Com. v. Cundiff*, Kenton Circuit Case No. 22-CR-00454 (Ex. 1);

- Operating a Motor Vehicle Under the Influence of Alcohol or Drugs in violation of KRS 189A.010(5)(A), in *Com. v. Cundiff*, Kenton District Court Case No. 20-T-03864 (Ex. 2);

- Receiving Stolen Property Up to $10,000 in violation of KRS 514.110(b), Tampering With Physical Evidence in violation of KRS 524.100, and Possession of a Controlled Substance (Fentanyl) in the First Degree in violation of KRS 218A.1415, in *Com. v. Cundiff*, Kenton Circuit Court Case No. 18-CR-00602 (Ex. 3);

- Theft by Unlawful Taking in violation of KRS 514.030(2), in *Com. v. Cundiff*, Kenton District Court Case No. 18-F-01796 (Ex. 4); and,

1

- Possession of a Controlled Substance (Heroin) in the First Degree in violation of KRS 218A.1415 and Giving a Police Officer a False Name or Address in violation of KRS 523.110(1), in *Com. v. Cundiff*, Boone Circuit Court Case No. 12-CR-00201 (Ex. 5).

This evidence is admissible.

### A. CUNDIFF'S PRIOR BAD ACTS AND CRIMINAL CONVICTIONS ARE OFFERED FOR A PURPOSE THAT RULE 404(B)(2) ALLOWS

In arguing that evidence of his prior bad acts and criminal convictions should be excluded, Cundiff relies on Federal Rule of Evidence 404(b). (R. 51 at PageID 397 – 399) That Rule prohibits the use of "evidence of any other crime, wrong or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Rule specifically permits such evidence to be used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Here, Ullrich does not propose to introduce evidence of Cundiff's prior bad acts or criminal convictions to prove Cundiff's character for the purpose of showing that Cundiff acted in accordance with that character on June 8, 2020. Rather, Ullrich proposes to introduce such evidence to prove that the search was not the cause, or at least not the exclusive cause, of Cundiff's alleged emotional distress.

Ullrich anticipates Cundiff will testify at trial – as he did in his deposition – that the search that gave rise to this action caused him to experience emotional distress, mental anguish, anxiety and depression. Assuming he does, Ullrich is entitled to introduce evidence relating to other potential causes of Cundiff's emotional problems. "When a party opens up a subject, there can be no objection if the opposing party introduces evidence on the same

2

subject." *Francis v. Clark Equip. Co.*, 993 F.2d 545 (6th Cir. 1993); *Fathera v. Smyrna Police Dept.*, 646 Fed. Appx. 395 (6th Cir. 2016).

District courts analyze Rule 404(b) questions in a three-step process: First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its prejudicial effect. *Cretacci v. Hare*, 2022 U.S. App. LEXIS 32537 (6th Cir.).

Here, state court records plainly demonstrate that Cundiff was convicted of the specified crimes. (Exs. 1 – 5) Thus, there is no doubt Cundiff was actually convicted of the specified crimes, actually engaged in the prior bad acts that led to those convictions, and received the specified sentences for those crimes.

The criminal convictions, the prior bad acts that led to those convictions, and the sentences Cundiff received in connection with the convictions are probative. Specifically, they are probative of the causation of Cundiff's emotional problems. It would be reasonable for a jury to conclude from Cundiff's convictions, prior bad acts, and criminal sentences that Cundiff suffered from emotional problems unrelated to the search. After all, a person does not typically strangle another person in the absence of some underlying organic emotional problem; there is a strong correlation between substance use and the kinds of emotional problems Cundiff claims were caused by the search (i.e., anxiety and depression); being the subject of criminal prosecution would cause emotional distress, mental anguish and other emotional problems for most people; being convicted of a crime would cause emotional

3

distress, mental anguish and other emotional problems for most people; and, spending time in jail would cause emotional distress, anxiety, depression and other emotional problems for most people. Thus, a jury faced with deciding whether Cundiff's emotional problems were caused by the search or by other factors in Cundiff's life should be allowed to hear about these other factors in Cundiff's life from which the jury could reasonably conclude that Cundiff's emotional problems were caused by factors other than the search. In short, Cundiff has put the cause of his emotional problems at issue by seeking emotional distress damages for the search. As a result, evidence of alternative causes of his emotional distress is fair game.

Indeed, in one case, a plaintiff who claimed the defendant's conduct had caused her to suffer emotional distress sought to preclude the defendant from introducing evidence concerning the plaintiff's gambling habit from which she had lost more than one million dollars. *Henderson v. City of Flint*, 2019 U.S. Dist. LEXIS 72528 (E.D. Mich.). But, the court allowed the evidence, reasoning that that evidence of the plaintiff's gambling habit and the financial stressors that resulted from it were probative of the causation of the plaintiff's emotional distress, and not unfairly prejudicial to plaintiff. *Id.*, citing *Tilghman v. Kirby*, 2014 U.S. Dist. LEXIS 174109 (W.D. Ok.) ("a plaintiff seeking to recover damages for emotional distress opens the door to evidence of other probable causes of her distress").

Finally, the probative value of the subject evidence is not substantially outweighed by its prejudicial effect. All evidence presented by a party opponent is prejudicial to some degree to the other side, but that alone does not justify its exclusion. Rather, in deciding whether to admit or exclude the evidence, the relevant question is whether its probative

4

value is so substantially outweighed by its prejudicial effect as to render its admission *unfair*. *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996).

Evidence that Cundiff strangled another person is highly probative of causation, because it strongly suggests that he has an underlying organic emotional problem unrelated to the search. The same is true of evidence of his ongoing involvement with drugs and alcohol. Likewise, evidence that Cundiff has been the subject of criminal prosecutions unrelated to the search is highly probative of causation, because such prosecutions are commonly emotional and fraught with anxiety for the accused. Evidence that Cundiff has been convicted of crimes unrelated to the search is highly probative of causation for the same reason. And, Cundiff's incarcerations are highly probative of causation, because the conditions of, and experiences associated with, incarceration are stressful, anxiety-laden, and depressing.

While it may be unfavorable from Cundiff's viewpoint for the jury to hear about his prior bad acts and criminal convictions, it would not be *unfairly* so. Cundiff is not on trial here, so there is no unfair risk a jury would take his criminal history as an indication that he is liable or otherwise culpable in connection with the search. Moreover, any jury is capable of understanding that Cundiff has constitutional rights notwithstanding his criminal past, such that his criminal past should not be a factor in assessing the propriety of the search. And, to be absolutely certain the jury understands that, the Court can so instruct the jury. Consequently, what little prejudice Cundiff would suffer, if any, as a result of the admission of evidence concerning his prior bad acts and criminal convictions would not be *unfair*.

By contrast, it *would* be unfair to Ullrich to exclude the evidence. Cundiff has placed the causation of his emotional problems squarely in issue by alleging Ullrich's search caused

5

them. If Ullrich is precluded from introducing evidence of other causes of Cundiff's emotional problems, the jury will be left with the inaccurate impression that there is no other potential explanation for those problems. That misimpression is undoubtedly unfair to Ullrich.

### B. CUNDIFF'S CONVICTIONS ARE ADMISSIBLE IMPEACHMENT EVIDENCE UNDER RULE 609

Moreover, Cundiff has ignored Federal Rule of Evidence 609, and most of his criminal convictions are admissible under that Rule.

Under that Rule, evidence of a criminal conviction *must* be admitted if the crime is punishable by imprisonment for more than one year. Fed. R. Evid. 609(a)(1)(A). Additionally, under Rule 609, evidence of a criminal conviction *must* be admitted regardless of the potential punishment for the crime if any of the crime's elements requires proof of – or admission to – a dishonest at or false statement. Fed. R. Evid. 609(a)(2).

In Kentucky, Strangulation in the First Degree is a Class C Felony, which makes it punishable by at least five, but no more than ten, years imprisonment. KRS 508.170; KRS 532.020(1)(b). Therefore, Cundiff's conviction on that charge must be admitted for impeachment purposes.

Being a Convicted Felon in Possession of a Handgun is a Class D Felony, which makes it punishable by at least one, but not more than five, years imprisonment. KRS 527.040; KRS 532.020(1)(a). Therefore, Cundiff's conviction on that charge must be admitted for impeachment purposes.

Receiving Stolen Property Up to $10,000.00 is a Class D felony, which makes it punishable by at least one, but not more than five, years imprisonment. KRS 514.110(b); KRS 532.020(1)(a). Therefore, Cundiff's conviction on that charge must be admitted for impeachment purposes.

6

Tampering With Physical Evidence is a Class D felony, which makes it punishable by at least one, but not more than five, years imprisonment. KRS 524.100(2); KRS 532.020(1)(a). Therefore, Cundiff's conviction on that charge must be admitted for impeachment purposes.

Possession of a Controlled Substance in violation of KRS 218A.1415 is a Class D felony, punishable by at least one, but not more than three[1], years imprisonment. KRS 218A.1415(2)(a); KRS 532.020(1)(a). Therefore, Cundiff's two convictions on that charge must be admitted for impeachment purposes.

And, Giving a Police Officer a False Name or Address requires proof that the accused made a false statement by "giv[ing] a false name, address, or date of birth to a peace officer who has asked for the same in the lawful discharge of his or her official duties with the intent to mislead the officer as to his identity." KRS 523.110(1). Thus, Cundiff's conviction on that charge must be admitted for impeachment purposes.

## II. CONTRARY TO CUNDIFF'S ARGUMENT, EVIDENCE OF HIS PRIOR BAD ACTS AND CRIMINAL CONVICTIONS ARE RELEVANT TO CAUSATION

In addition to arguing incorrectly that his prior bad acts and criminal convictions are inadmissible under Rule 404, Cundiff maintains that his prior bad acts and criminal convictions are not relevant. (R. 51 at PageID 399 – 400) Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401.

---

[1] Although a Class D felony is ordinarily punishable by one to five years imprisonment under KRS 532.020(1)(a), for this particular crime, KRS 527.1415(2)(a) limits the maximum term of imprisonment to three years.

To succeed on a § 1983 claim, a plaintiff must prove that the defendant caused his injuries. *Thomas v. Nationwide Childrens Hosp.*, 882 F.3d 608 (6th Cir. 2018), citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Here, Cundiff alleges that the search Ullrich conducted caused his emotional problems; Ullrich denies the allegation. Thus, assuming *arguendo* Cundiff has emotional problems, whether those problems were caused by Ullrich's search is a fact that is of consequence to the determination of Cundiff's § 1983 action.

As demonstrated previously, Cundiff's prior bad acts and criminal convictions are a plausible cause for any emotional problems he claims to suffer. Thus, the evidence has a tendency to make it less probable that Ullrich's search caused Cundiff's emotional problems. Therefore, Cundiff's prior bad acts and criminal convictions are relevant.

### III. EVIDENCE OF CUNDIFF'S PRIOR BAD ACTS AND CRIMINAL CONVICTIONS ARE NOT UNFAIRLY PREJUDICIAL

Next, Cundiff argues that evidence of his prior bad acts and criminal convictions should be excluded under Rule 403, which provides for the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

As demonstrated in the context of the previous argument that the same evidence is admissible under Rule 404(b)(2), it would not be unfairly prejudicial to admit evidence of Cundiff's prior bad acts and criminal convictions.

### IV. CONCLUSION

For these reasons, evidence of Cundiff's prior bad acts and criminal convictions is relevant within the meaning of Rule 401; it is offered for a purpose that is permissible under Rule 404(b)(2); and, it is not unfairly prejudicial within the meaning of Rule 403.

Consequently, it is admissible and for this reason, Defendant, Douglas Ullrich, respectfully requests that the Court deny Plaintiff's Motion in Limine (R. 51).

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87960)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

## CERTIFICATE OF SERVICE

I hereby certify that on this **11th** day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.