UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB

JEFFREY CUNDIFF                                                      PLAINTIFF

v.

DOUGLAS ULLRICH, *et al.*                                     DEFENDANTS

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff, Jeffery Cundiff, by and through counsel, and for his Response to Defendants Motion in Limine (R. 50), states as follows:

I. **Plaintiff Does Not Intend to Present Evidence of Medical Expenses at Trial**

Defendant argues that Plaintiff should be precluded from presenting evidence on medical expenses at trial based on Fed. R. Civ. P. 26(a)(1)(A)(iii) and Fed. R. Civ. P. 26(e). Rule 26(a)(1)(A)(iii) requires a computation of each category of damages. In Plaintiff's responses to Defendant's first set of interrogatories Plaintiff specified that it is "seeking payment of medical expenses related to my visits with Dr. Ellana Harris." (R. 50-2, Page ID# 392-393). Plaintiff concedes that this language does not constitute a 'computation' nor was this interrogatory response updated with a numerical calculation. Plaintiff is not claiming medical expenses related to a physical injury sustained by Plaintiff and does not intend to recover any medical expenses for treatment.

Plaintiff seeks to recover emotional distress damages pursuant to the alleged violation of his civil rights. Plaintiff's answer to this interrogatory goes on to state that Plaintiff "is seeking an amount of pain and suffering including emotional distress up to $500,000." (R. 50-2, Page ID# 393; and see R. 50-1, Page ID# 387). Plaintiff's claim for emotional distress provides a

computation. This computation can be supported by Plaintiff's testimony alone. In *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 466-467, 2001 WL 777432, *10 (6th Cir. 2001), the Court affirmed an award of $300,000.00 in emotional distress damages even without expert testimony supporting that claim. See Also *Koster v. Trans World Airlines, Inc.,* 181 F.3d 24, 36 (1st Cir.), *cert. denied,* 528 U.S. 1021 (1999)(where the Court found a $250,000 award for emotional distress appropriate based on the plaintiff's testimony and without any evidence that the plaintiff sought medical treatment). Plaintiff need not present evidence of medical expenses to be awarded emotional distress damages and does not require Dr. Harris to testify. A jury may appropriately award emotional distress damages without evidence that there were medical expenses or Dr. Harris' testimony.

  **II.** **Evidence of Other Lawsuits Against Defendant Ullrich Are Relevant to The Subject Matter of The Present Litigation and Are Admissible Under FRE 404(b)(2)'s Exceptions.**

Federal Rule of Evidence 401 provides that evidence is relevant if it has *any tendency* to make a fact more or less probable than it would without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence is relevant if it has *any tendency* to make a fact more or less probable. The 'any tendency' standard is a low bar to admission. Based on information and belief at least one lawsuit against Defendant Douglas Ullrich has alleged that Ullrich performed an unlawful search and seizure that allegedly involved the groping of an individual's groin. This was alleged in *Wynn v. City of Covington*, CIVIL ACTION NO. 21-cv-137-DLB-CJS, 2022 WL 4360526 (E.D.K.Y.)(certain claims in complaint dismissed on statute of limitations grounds, but remainder survived). Defendant argues that any prior lawsuits against Defendant are inadmissible because they are irrelevant under FRE 401, character evidence under

FRE 404(b), and may also have impeachment implications on prior testimony in other court proceedings including sworn deposition testimony.

The complaint, filed on November 1, 2021, against Defendant in Wynn v. City of Covington alleged that Douglas Ullrich, and an unnamed officer, on August 28, 2020 forcefully searched the plaintiff and during this search squeezed his genitals to the point of causing injury. The present case deals with whether the Defendant digitally penetrated and groped Plaintiff's genitals during a traffic stop on June 8, 2020. This other lawsuit is relevant because it demonstrates a subsequent similar action by Defendant during a traffic stop. It has a tendency to make the fact that Defendant did digitally penetrate and grope Plaintiff's genitals more likely than that fact would be without the evidence. This satisfies the broad test for relevant evidence.

Defendant claims that evidence of other lawsuits is excluded by FRE 404(b)(1) because it can only be used to prove that Defendant acted in accordance with his character of 'conducting unlawful searches.' That Rule prohibits the use of "evidence of any other crime, wrong or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Rule specifically permits such evidence to be used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Defendant's subsequent actions, as alleged in the Wynn lawsuit, fit these exceptions. The subject matter of the present case occurred prior to the subject matter of the other lawsuit, but the subject matter of the two lawsuits occurred close in time. The fact that another lawsuit was initiated against Defendant under a similar set of circumstances shows that there was an absence of mistake in Defendant's action. Given the similarity of Defendant's actions in each case, the repeated actions shows that Defendant was not mistakenly making contact with the genitals of the

people he was searching. Likewise, this similarity of action indicates that Defendant was not accidentally squeezing the genital of the people he was searching. The evidence of another lawsuit against Defendant for a similar act shows a lack of accident. Finally, the evidence of the other lawsuit could be used to show that Defendant had a plan to conduct searches in this manner.

If the court is unsatisfied with any of the above arguments for the admissibility of the other lawsuit(s) against Defendant, then Plaintiff asks that this Court reserve such evidence for the purposes of impeachment should the door be opened to these subjects at trial.

Respectfully submitted,

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
CHRISTOPHER D. ROACH (KY 95007)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH
PUGH & ROACH, ATTORNEYS AT LAW, PLLC