UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB

**JEFFREY CUNDIFF**                                                           **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH,** *et al.*                                         **DEFENDANTS**

---

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE**

---

Defendant, Douglas Ullrich, by and through counsel, respectfully submits this Reply Memorandum in Support of His Motion in Limine. (R. 50)

**I. CUNDIFF IS PRECLUDED FROM INTRODUCING EVIDENCE THAT HE INCURRED MEDICAL EXPENSES FOR TREATMENT WITH DR. HARRIS**

In his Motion, Ullrich moved the Court to preclude any evidence that Cundiff incurred medical expenses his visits with Dr. Elana Harris because Cundiff had not complied with the disclosure and supplementation requirements in Rule 26(a)(2)(A)(iii) and Rule 26(E)(1). (R.50 MIL at PageID 378-379) In his Response, Cundiff concedes he did not comply with those Rules. (R.53 Response at PageID 428-429) Ullrich is, therefore, entitled to an Order precluding Cundiff from introducing evidence that he incurred expenses for his treatment with Dr. Harris.

**II. CUNDIFF IS PRECLUDED FROM CALLING DR. HARRIS TO TESTIFY**

In his Motion, Ullrich moved the Court to preclude Cundiff from calling Dr. Harris to testify because he failed to provide an expert disclosure that states a summary of the facts and opinions underpinning Dr. Harris' anticipated testimony, as required by Civil Rule 26(a)(2). (R.50 MIL at PageID 380) In his Response, he does not dispute that argument and,

1

therefore, presumably concedes it. Ullrich is, therefore, entitled to an Order precluding Cundiff from calling Dr. Harris to testify at trial.

Alternatively, Ullrich moved the Court to preclude Dr. Harris from testifying that Ullrich's actions caused or exacerbated Cundiff's mental health conditions, because Dr. Harris did not produce a written report expressing such an opinion or the factual basis for it, as required by Civil Rule 26(a)(2)(B) and the Sixth Circuit's holding in *Mohney v. USA Hockey, Inc.*, 138 Fed. Appx. 804 (6th Cir. 2005). In his Response, Cundiff does not address that argument and, therefore, presumably concedes it. Consequently, if she is permitted to testify at trial, Dr. Harris must be precluded from testifying that Ullrich caused Cundiff's mental health conditions, or that Ullrich caused an exacerbation of Cundiff's pre-existing mental health conditions.

### III. CUNDIFF PRECLUDED FROM PRESENTING EVIDENCE OF OTHER LAWSUITS AGAINST ULLRICH

In his Motion, Ullrich argued that Cundiff should be precluded from presenting evidence of other lawsuits against Ullrich because such other lawsuits are (1) irrelevant and therefore inadmissible under Federal Rules of Evidence 401 and 402, and (2) character evidence that is inadmissible under Federal Rule of Evidence 404(b). (R.50 MIL at PageID 381 – 383)

In response, Cundiff argues that evidence of other lawsuits against Ullrich, including *Wynn v. City of Covington*, E.D. Ky. Civil Action No. 21-CV-137-DLB-CJS, are relevant and admissible for the purpose of demonstrating lack of accident, notwithstanding Federal Rule of Evidence 404(b). Cundiff's arguments lack merit.

2

### A.  BACKGROUND INFORMATION ABOUT *WYNN*

Anthony Wynn sued Ullrich, two other Covington police officers (John Murphy and Danny Elsbernd), and Chief Robert Nader in connection with three separate arrests that occurred on August 28, 2020, January 1, 2021, and January 16, 2021. The case is still pending. However, to date, discovery conclusively demonstrates that neither Ullrich nor the other two defendant officers were present (or even working) when Wynn was arrested on January 1, 2021. (*See Wynn* at R.26 MPSJ at PageID 221 – 242) And, video and audio footage from Ullrich's body camera on January 16, 2021, demonstrates that Ullrich was not involved in Wynn's arrest on that date; in fact, as demonstrated by the video and audio footage, by the time Ullrich arrived at the scene of the January 16, 2021 arrest, Wynn was already handcuffed and sitting in the back of a police cruiser, and Ullrich's only role at the scene was to take photographs.

On August 28, 2020, Ullrich searched Wynn's person and vehicle during the course of a traffic stop initiated by Covington Police Officer Bradley Morris. Wynn alleges that Ullrich searched his person by "sticking [Ullrich's] hands in [Wynn's] pockets and other areas where [Wynn] had a reasonable expectation of privacy" and by "roughly grabb[ing] and squeez[ing] [Wynn's] private parts." (*Wynn* R.1 Complaint at PageId 51-53) Those are unproven, disputed allegations. To the extent they arose from the August 28, 2020 search and arrest, the claims asserted in *Wynn* were dismissed with prejudice on statute of limitations grounds. (*Wynn* R.21 Order at PageID 200 – 211) Therefore, Wynn has never offered any evidence in support of the allegations.

Significantly, Ullrich's discovery of cocaine and marijuana on Wynn's person, and of firearms in Wynn's vehicle, on August 28, 2020 led to federal criminal charges against Wynn

3

for possession of cocaine with intent to distribute, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon. *See USA v. Wynn*, E.D. Ky. Case No. 2:22-CR-00051-DCR-CJS ("*USA*") R.1 Criminal Complaint at PageID 1 – 6. In the pending criminal proceeding, Wynn filed a motion to suppress the drugs and weapons Ullrich found in his possession on August 28, 2020, alleging that Ullrich's searches of his person and vehicle were unconstitutional. (*USA* R.34 Motion at PageID 160 – 164; *USA* R.71 Brief at PageID 377 – 380) At the evidentiary hearing on Wynn's motion, Ullrich, Elsbernd and Morris testified about the August 28, 2020 search, and video footage from dashboard and body cameras they wore on August 28, 2020 was placed in the record. (*USA* R.58 Witness and Exhibit List at PageID 235; *USA* R.61 Witness and Exhibit List at PageID 238) Having reviewed the testimony and video footage, Magistrate Judge Smith authored a thorough and well-reasoned 45-page Report describing the search in painstaking detail, concluding that the searches of Wynn's person and vehicle were constitutionally permissible, and recommending that the Court deny Wynn's motion. (*USA* R.73 Report at PageID 391 – 435) This Court adopted Magistrate Smith's recommendation. (*USA* R.76 Order at 447 – 457)

The fact that Wynn faces serious federal charges based on the evidence found during the August 28, 2020 search calls into question Wynn's motives for accusing Ullrich of conducting that search in an unconstitutional manner. That, in turn, casts doubt on the veracity of the factual allegations on which that accusation is based. Similarly, this Court's thorough review of Ullrich's August 28, 2020 searches of Wynn's person and vehicle, and its conclusion that the searches were constitutional, undermines the veracity of Wynn's allegations about Ullrich's conduct with the searches and forecloses a conclusion that the searches violated Wynn's constitutional rights.

4

### B.   NEITHER THE FACT THAT ULLRICH WAS SUED IN *WYNN*, NOR THE ALLEGATIONS MADE IN THAT SUIT, IS RELEVANT IN *THIS* CASE

Cundiff's Response does not appear to take issue with Ullrich's argument that the other civil suits against him are irrelevant. Rather, Cundiff suggests he is more interested in introducing evidence of the specific allegations in *Wynn*. (R.53 Response at PageID 430) Those allegations are not relevant.

First, the allegations in *Wynn* are unproven, and their merit is dubious in light of this Court's conclusion in *USA* that the search Ullrich conducted on August 28, 2020 was constitutional. Under those circumstances, the allegations in *Wynn* have no tendency to establish the existence of any fact in dispute in the case at bar.

Moreover, assuming *arguendo* the truth of the allegations in *Wynn*, those allegations have no tendency whatsoever to make it more or less likely that Ullrich "digitally penetrate[d]" Cundiff's rectum or "grope[d] [Cundiff's] genitals" on June 8, 2020. First, there is no allegation in *Wynn* that Ullrich penetrated Wynn's rectum. Second, the fact that a person engaged in particular conduct toward one person on one occasion under one set of circumstances does not make it more or less likely that he engaged in similar conduct toward a different person on a different occasion under a different set of circumstances.

Cundiff contends the allegations in *Wynn* are relevant to establish whether or not "there was an absence of mistake in [Ullrich's] action"; in other words, that Ullrich "was not mistakenly making contact with" Cundiff's genitals. (R.53 Response at PageID 430 – 431) But, the allegations in *Wynn* are not relevant for that purpose, either. Ullrich has never claimed that he mistakenly made contact with Cundiff's genitals. Mistake is, therefore, not a "fact of consequence in determining the action." And, because mistake is not "of consequence in determining the action," evidence of the allegations in *Wynn* are not relevant to establish

5

lack of mistake. *Eldridge v. City of Warren*, 655 Fed. Appx. 345 (6th Cir. 2016) (video of defendant police officer's prior use of taser inadmissible to show absence of mistake where the officer does not claim to have mistakenly used force against the plaintiff), citing *Chavez v. City of Albuquerque*, 402 F.3d 1039 (10th Cir. 2005) (evidence of an officer's prior use of force is not admissible to show absence of mistake when there is no claim or defense that the officer accidentally used force in the present case).

### C. ASSUMING *ARGUENDO* THAT ABSENCE OF MISTAKE IS RELEVANT, THE ALLEGATIONS IN *WYNN* ARE INADMISSIBLE CHARACTER EVIDENCE UNDER RULE 404(B)

The allegations in *Wynn* are also inadmissible under Rule 404(b).

Rule 404(b)(1) provides: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) provides that such evidence "*may* be admissible *for another purpose*, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." However, for evidence to be admissible under Rule 404(b)(2), there must be sufficient evidence that the act occurred, the evidence must be probative of a material issue other than character, and its probative value must not be substantially outweighed by its potential prejudicial effect. *U.S. v. Johnson*, 2023 U.S. App. LEXIS 29275 (6th Cir.); *Eldridge, supra*.

Here, Cundiff claims the allegations in *Wynn* are admissible for the purpose of proving absence of mistake. (R.53 Response at PageID 430 – 431) That boat will not float. Cundiff cannot point to any evidence that Ullrich actually engaged in the conduct attributed to him in *Wynn*, and does not address the probative value of the allegations relative to their prejudicial effect.

6

Assuming *arguendo* that absence of mistake was at issue in this action, the allegations in *Wynn* are inadmissible. First, there is no evidence that Ullrich actually engaged in the conduct alleged in *Wynn*. No discovery was taken on the August 28, 2020 search, because the claims were dismissed for failure to observe the statute of limitations. Second, the fact that Wynn is currently in jail awaiting trial on serious federal charges arising from the drugs and firearms found in his possession during the August 28, 2020 search calls into question Wynn's motives for accusing Ullrich of misconduct in conducting the search. Third, the fact that this Court thoroughly reviewed video footage of the search to rule on the motion to suppress in *USA*, and did not note anything unusual, or find anything unconstitutional, about the search also strongly suggests that the allegations in *Wynn* lack merit. Under these circumstances, there is not sufficient evidence that Ullrich actually "roughly grabb[ed] and squeez[ed] [Wynn's] private parts," as alleged in *Wynn*.

Finally, the probative value of the allegations in *Wynn* are substantially outweighed by their undue prejudicial effect. Given that one's conduct on a particular occasion does not necessarily establish he engaged in similar conduct on another occasion, the allegations in *Wynn* do not have significant probative value here. Indeed, their probative value is even further attenuated by the fact that they are unproven and dubious. Thus, the allegations in *Wynn* have little, if any, probative value here. By comparison, those allegations will unduly and unfairly prejudice Ullrich by: (a) negatively impacting the jury's assessment of Ullrich's credibility when he denies having penetrated Cundiff's rectum or having improperly "groped" Cundiff's genitals in the course of searching him; (b) causing the jury to draw unfair inferences about Ullrich's motivation in searching Cundiff, which increases the likelihood the jury will award punitive damages against Ullrich in the event it finds the search improper;

and (c) increasing the likelihood that the jury will base its decision on unfavorable feelings about Ullrich instead of on the evidence about the interaction between Ullrich and Cundiff. That is especially unfair considering the jury will not hear any evidence from which it could assess the credibility of the allegations in *Wynn*, such as testimony from Wynn, evidence about the connection between the August 28, 2020 search and the federal charges Wynn faces as a result of the evidence found during that search, evidence of the steps taken by this Court to review the legality of the August 28, 2020 search, and evidence that this Court found the August 28, 2020 search constitutional after conducting that review.

For these reasons, the *Wynn* allegations are inadmissible under Rule 404(b)(2).

## IV.   CONCLUSION

In light of the foregoing, Cundiff must be precluded from introducing evidence of other lawsuits against Defendant, Douglas Ullrich, including but not limited to, the allegations in *Wynn*.


Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87960)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **21st** day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.