UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB

JEFFREY CUNDIFF                                              PLAINTIFF

v.

DOUGLAS ULLRICH, et al.                              DEFENDANTS

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, Jeffrey Cundiff, by and through counsel, and pursuant to the Court's Order of August 22, 2023, respectfully submits this Reply to Defendant's Response to Plaintiff's Motion in Limine (R. 52).

**I.    CUNDIFF'S PRIOR CRIMINAL CONVICTIONS ARE INADMISSABLE**

At trial Defendant will seek to present evidence that Cundiff was convicted prior crimes, the circumstances of those crimes, and the sentences that Cundiff received. (See R. 52-1 to 52-5 Page ID# 412-424). Defendant argues that these prior convictions are relevant under Federal Rule of Evidence 401, meet an exception to Federal Rule of Evidence 404(b), and may be used for impeachment under Federal Rule of Evidence 609. These prior convictions are inadmissible, and Defendant's arguments fail for the reasons expounded below.

**A.  Cundiff's prior criminal convictions are character evidence but do not meet an exception for admission under FRE 404(b).**

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of any crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Such evidence may be

1

admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

In the Sixth Circuit, trial courts employ a three-step process to determine admissibility under 404(b)(2). *United States v. Barnes*, 822 F.3d 914, 920-921, (6th Cir. 2016) citing *United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013). First, the court must decide whether there is sufficient evidence that the crime took place. *Id.* Second, the court must decide whether evidence of that conduct is offered for a proper purpose. *Id.* Third, the court considers whether there is any risk of unfair prejudice substantially outweighs the evidence's probative value. *Id.* Following the court's decision based on this test, a party may request a limiting instruction on the admission of such evidence. Rule 105 states that "If the court admits evidence that is admissible against a party for a purpose, but not against another party or for another purpose, the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105.

Plaintiff admits that Cundiff has been convicted of crimes in the past as evidenced by the record. (See R. 52-1 to 52-5 Page ID# 412-424). Plaintiff also recognizes that by presenting evidence of Cundiff's emotional distress the door is opened for Defendant to present evidence that shows other causes of Cundiff's emotional distress. *Tilghman v. Kirby*, 2014 U.S. Dist. LEXIS 174109 (W.D. Ok.). Defense argues these prior bad acts, convictions, and sentences are probative (relevant) through two arguments. First, that Cundiff's prior convictions, by themselves, allow a jury to conclude that Cundiff suffers from emotional problems. (R. 52, Page ID# 405-406). Second, that there is a correlation between substance abuse and emotional distress, so Cundiff's substance abuse indicates that his emotional distress was not caused by the search. (R. 52, Page ID# 405-406). Third, that being the subject of a prosecution or a criminal conviction causes emotional distress, so Cundiff's prior convictions show other sources of his emotional distress. (R.

52 PageID# 405-406). Fourth, spending time in jail causes emotional distress, so, since Cundiff has been to jail, this explains his emotional distress. (R. 52, Page ID# 405-406). In asking the court to accept these inferences the Defendant cites no scientific data or opinion. Rather, the Defendant suggest that a jury could reasonably determine that because of these prior convictions that Cundiff had existing emotional problems, and that these extant emotional problems should act as a bar to Cundiff recovering damages from an illegal and invasive police body search. (R. 52, Page ID# 405-406). However, Plaintiff intends to limit his emotional distress damages to a distinct period ending on December 31, 2021, which is prior to his incarceration. Thus, The criminal cases in 2022 and the incarceration after that will have no bearing on the trial in this matter.

Furthermore, there are several issues with the Defendant's argument. Defendant's first argument is a slippery slope. If the existence of mental illness in a person acts as a bar to the recovery of emotional damages, then any person suffering from nearly any mental illness would have difficulty recovering emotional distress damages. Defendant's second argument operates in the same way. If substance abuse acts as a bar to recovery of emotional distress, then any person with prior substance abuse issues will have difficulty recovering emotional distress damages. Additionally, these arguments are highly speculative because they are not substantiated by scientific opinion or fact, just mere speculation by Defendant. It is entirely feasible for a person to be prosecuted for, convicted of, and jailed for a crime without suffering from lasting and prolonged emotional distress. Defendant suggests that going through the criminal process creates enough emotional distress in a person to prevent that person from suffering emotional distress based on the actions of a third party. Without an expert to opine on this, Defendant's should be barred from arguing it.

In addition, Defendant's arguments misunderstand the meaning of emotional distress. Merriam-Webster defines emotional distress as "a highly unpleasant emotional reaction which results from another's conduct." Merriam-Webster, Emotional Distress, https://www.merriam-webster.com/legal/emotional%20distress (last visited Dec. 18, 2023). The Legal Information Institute defines emotional distress as "mental suffering as an emotional response to an experience that arises from the effect or memory of a particular event, occurrence, or pattern of events or condition." Legal Information Institute, Emotional Distress, https://www.law.cornell.edu/wex/emotional_distress (last visited Dec. 18, 2023). Emotional distress results from an act or omission. The existence of emotional distress does not prevent the compounding of additional emotional distress on an individual based on some action or event. Defendant's arguments suggest that an individual who has experienced emotional distress, has mental illness, or substance-use issues already has emotional distress and that any further emotional distress inflicted on that individual has a diminishing return. Simply, Defendant argues that because Cundiff has experienced emotional distress, his past emotional distress caused him to experience less emotional distress when his body was illegally penetrated, which is just absurd. Prior emotional distress cannot act as a bar to the recovery of emotional distress damages without severely limiting the availability of emotional distress damages to any given plaintiff. In the legal context, emotional distress stems from an act or omission of a third party. Defendant illegally searched Cundiff and that caused him emotional distress. Defendant now argues that Cundiff's theoretical existing emotional distress was the cause of Cundiff's emotional distress following the illegal search. Following the above definitions, Defendant's search could cause emotional distress, even if there was existing emotional distress. This dramatically limits the probity of Defendant's proposed use of the prior convictions. Mr. Cundiff was effectively digitally penetrated by Defendant. In addition, Plaintiff

4

is limiting his emotional distress to the end of 2021, making any activity or emotional distress that he suffered after that point completely irrelevant.

Returning to Rule 404(b), to be admissible, Cundiff's prior convictions must pass a balancing test consistent with Rule 403. *Barnes*, 822 F.3d 914, 920. FRE 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Defendant's arguments for the relevance of Cundiff's prior convictions to his experience of emotional distress are speculative and create a slippery slope. As such, the evidence of Cundiff's prior convictions has very low probative value. At best, these prior convictions could draw the inference that Cundiff has experienced emotional distress in the past or suffers from mental illness or substance-use issues. This cannot prevent him from recovering from the emotional distress that was specifically caused by the illegal search.

Despite the low probative value, these prior convictions present a substantial risk of unfair prejudice. Evidence is unfairly prejudicial if it has an undue tendency to suggest decision on an improper basis, commonly an emotional one. Committee's Notes, Fed. R. Evid. 403. Evidence is unfairly prejudicial if it provokes a jury's instinct to punish or otherwise may cause the jury to on something other than the established propositions of the case. *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980). Presenting evidence of five convictions in one trial will be highly prejudicial to a jury, creating the illusion that since Plaintiff is a criminal, obviously none of this happened. Such evidence would likely invoke a jury's instinct to punish, and the only punishment that they could weigh upon Cundiff would be a finding of no or minimal damages for Defendant, or just simply believing that convicted criminals deserve no justice. This finding of no or minimal damages would not be based on the merits of the case, but upon the fact that Cundiff has prior convictions.

Thus, there is a high likelihood that presenting evidence of five convictions would cause the jury to base its decision on an improper basis.

Given the low probative value and the substantial risk of *unfair* prejudice that would lead the jury to make a decision on an improper basis, Cundiff's prior convictions fail the Rule 403 balancing test and cannot be admitted under Rule 404(b)(2) for the purpose of causation. Should the Court decide to admit these prior convictions, Plaintiff requests that the Court also provide a limiting instruction that this evidence may only be presented to elicit the fact that Cundiff has been convicted of crimes in the past, excluding evidence of the nature of the crimes, the length of sentences received, and the fact that Cundiff has served time based on those sentences. If the evidence is admitted, Plaintiff also requests that the Court provide the jury with a limiting instruction to the jury, after the admission, instructing the jury that the convictions can be used to determine damages but not for finding liability. In addition, since Plaintiff is limiting his damages to the end of 2021, any crimes or incarceration past that date should be excluded.

**B. Federal Rule of Evidence 609 allows the use of prior convictions to impeach a witness' character for truthfulness but fail the balancing test of Federal Rule of Evidence 403.**

Evidence of a criminal conviction may be used to attack a witness's character for truthfulness. Fed. R. Evid. 609(a). Evidence of criminal conviction that is punishable by imprisonment for over a year must be admitted, *subject to Rule 403*, in a civil case in which the witness is not the defendant. *Id.* However, if more than 10 years have passed since the conviction or release from confinement, then the evidence is admissible *only* if the probative value (supported by facts and circumstances) of the evidence must substantially outweigh its prejudicial effect. Fed. R. Evid. 609(b). Plaintiff does not contest the fact that the convictions that Defendant lists are punishable by incarceration for over a year so these convictions are admissible to impeach Cundiff's character for truthfulness provided that they are admissible under Rule 403.

Defendant lists that Cundiff was convicted of possession of a controlled substance and drug paraphernalia. (R. 52-5, Page ID# 424). Defendant was convicted on November, 11, 2012. *Id.* This means that this conviction is over 10 years old and is not admissible without a showing that the probative value substantially outweighs the prejudicial effect. Such a showing cannot be made, and these convictions are not crimes of a dishonest nature. Defendant asserts that crimes of a dishonest nature must be admitted under Fed. R. Evid. 609(a)(2), but only argues that Cundiff's conviction for giving an officer a false name meets this standard of 609(a)(2). (R. 52, Page ID# 408-09). Thus, all other charges are only admissible for impeachment subject to rule 403. As stated in the preceding section, rule 403 fails because the entry of these convictions presents a substantial risk of unfair prejudice that the jury will decide the case on improper grounds.

## II.   EVIDENCE OF CUNDIFF'S PRIOR CONVICTIONS FAILS FRE 403 BALANCING TEST

In the final two sections of Defendant's Response, Defendant reiterates their arguments for the relevance of these prior convictions under rule 401 and their admissibility under rule 403. Ultimately this the issues at bar boil down to the rule 403 balancing test. If the prior convictions meet the balancing test then they are admissible under their rule 404(b) or rule 609. While these prior convictions might be relevant to the emotional damages (rule 401 is a very low hurdle), the probative value of this evidence is low because the existence of emotional distress does not preclude an individual from experiencing more emotional distress from a different source. This low probative value is substantially outweighed by the likelihood of unfair prejudice, which is relatively high. Defendant's arguments that prior convictions result in emotional distress is speculative, as is Defendant's assertion that because this is a civil case and not a criminal case, Plaintiff will not be prejudiced by the admission of prior convictions. A jury will have a tendency to believe that a plaintiff should not recover based of prior unrelated criminal convictions. Such a

7

decision would be found on an improper basis. For these reasons, and the ones outlined above, Cundiff's prior criminal convictions should not be found admissible. If the Court does find that these convictions pass the balancing test, then Plaintiff requests that a limiting instruction be given to the jury the evidence only weighs on the purpose for which Defendant enters the evidence, i.e. to either to show a character of truthfulness or specifically for the limited purpose of showing that Cundiff has been convicted of a felon generally. And furthermore, because Plaintiff is limiting his damages to the end of 2021, anything after that should be inadmissible.

### III. CONCLUSION

For the reasons stated *infra*, Plaintiff Jeffrey Cundiff prays that his Motion in Limine be granted.

Respectfully submitted,

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
CHRISTOPHER D. ROACH (KY 95007)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

/s/ Benjamin T. D. Pugh
BENJAMIN T.D. PUGH
PUGH & ROACH, ATTORNEYS AT LAW, PLLC