UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00072-DLB

**JEFFREY CUNDIFF**                                                                   **PLAINTIFF**

v.

**DOUGLAS ULLRICH, et al.**                                                   **DEFENDANTS**

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Comes Plaintiff, by counsel, and for his Pretrial Memorandum, states as follows:

**I. JURISDICTION OF THE COURT**

This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. §§ 1983 and 1988, secured by the Fourth, First, and Fourteenth Amendments to the Constitution, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This Court has jurisdiction over these matters under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction of the State law claims for battery and intentional infliction of emotional distress, and various other common and state law claims, under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction. This Court is also the proper venue for this matter under 28 U.S.C. § 1391, because all of the events giving rise to this action took place within this judicial district in Covington, Kenton County, Kentucky. *See* R. 1, Page ID # 2.

**II. KIND OF ACTION**

This is a civil rights action for Fourth Amendment unreasonable search & seizure and First Amendment retaliation. It arises out of the June 8, 2020 stop, detention, and search of Plaintiff

1

Jeffrey Cundiff by Defendant Officer Douglas Ullrich. Plaintiff requests judgment on all counts in addition to cost and interest associated with the disbursement of this action. Plaintiff also requests actual and punitive damages. *See* R. 1, Page ID # 5-8.

## III. STATEMENT OF FACTS

### A. Undisputed Statement of Facts

Defendant Ullrich was, at all relevant times, a sworn police officer with the City of Covington, Kentucky Police Department located at 1 Memorial Drive in Covington, Kentucky. On June 8, 2020, Plaintiff was stopped by Defendant for running a stop sign. After collecting Plaintiff and passenger's ID's, Defendant immediately pulled passenger out of the vehicle and conducted a terry frisk.

Plaintiff began getting out of the vehicle but was stopped by Ullrich when Ullrich held the driver-side door closed. In response, Plaintiff asked Defendant "why are you [Ullrich] acting like this?" Defendant responded, "Because you [Cundiff] didn't stop for me." Plaintiff responded in turn "Well you don't got to be a dick-sucker about it, man." As Plaintiff got out of the car Defendant immediately grabbed him and turned him toward the vehicle and placed him in handcuffs. Defendant then performed a terry frisk for weapons.

Defendant placed Plaintiff on the curb and told him to sit. Officer Mark Richardson arrived around this time and Defendant asked Officer Richardson to perform a canine sniff search of Plaintiff's car. Richardson informed the other officers on the scene that the canine had indicated to the presence of the odor of narcotics. Defendant and other officers on the scene conducted a search of Plaintiff's vehicle. A small amount of "shake" and a marijuana seed were alleged to have been found in the purse of Plaintiff's passenger. The shake and seed were not seized by the officers and do not appear on any body cam.

Following the search of the car, a second search was done of Plaintiff's person by Defendant Ullrich. Plaintiff's passenger received an over-the-clothes search. Plaintiff was brought to stand in front of Defendant Ullrich's cruiser for a search. Defendant used gloved hands to search underneath Plaintiff's shorts and underwear on both the frontside and the backside of Plaintiff. to check for the presence of drugs. Defendant admits manipulating Plaintiff's scrotum underneath Plaintiff's underwear. At one point Defendant Ullrich asked Plaintiff if he "had anything hidden in his rectum?" Defendant was unable to locate any drugs on Plaintiff's person.

After the search Plaintiff told Defendant Ullrich that he would consent to a body cavity search by someone else [a doctor]. After the search, Defendant stated, "He won the 'I want it more game,' cause it's far enough in him that I can't find it." No drugs were found on Plaintiff's person or his passenger's person and no charges were brought for the marijuana seed or shake allegedly found in the passenger's purse. Plaintiff was cited for disregarding a stop sign and released.

After his release and citation, Defendant Ullrich stated: "I'm still red. I mean, siren from the stop sign to here." "It's in his butt. It's all the way in his butt." The passenger of the vehicle never saw Plaintiff flip Defendant Ullrich off, never saw him getting out of his seat a bit to do or reach for something, never saw him try to hide drugs in his rectum, and is unaware if Jeff had drugs on him that night.

### B. Disputed Statements of Fact

1. Plaintiff disputes that he took an excessive amount of time to pull over for the traffic stop.

2. Plaintiff disputes reaching around his cabin at any point during the period of time between Defendant Ullrich turning on his emergency lights and Defendant Ullrich making first contact with the car.

3. Plaintiff disputes that he had hidden drugs or evidence of a crime in his rectum.

4. Plaintiff disputes that Officer Richardson's canine indicated to the presence drugs in the car, or, alternatively, the dog was trained in such a way that it could detect drugs in an area after they were no longer present.

5. No contraband was found inside the car including in the passenger's purse.

6. During the search Defendant Ullrich ran his hand between Plaintiffs buttocks, at some point, inserting a finger into Plaintiff's rectum. Plaintiff "tensed up" in response to this and Defendant Ullrich told him to stop squeezing his butt cheeks together.

7. Defendant Ullrich also conducted a visual strip search of Plaintiff's buttocks.

8. During the search Defendant Ullrich reached down and fondle Plaintiff's genitalia.

9. Plaintiff informed Defendant that he did not have anything hidden inside him.

10. Plaintiff only consented to be searched by a doctor.

11. Plaintiff believes that the intrusive and constitutionally violating search was performed as part for his comments to Defendant including about his statement you don't gotta be a dick sucker.

## IV. ISSUES OF LAW

### A. Substantive Issues of Law

#### 1. <u>Unreasonable Search & Seizure</u>

The Fourth Amendment to the United States Constitution guarantees protection from unreasonable search and seizure. Plaintiff claims that Defendant acted unreasonably in searching and seizing or detaining him. The reasonableness of a warrantless search is determined by a balancing test which weighs: (1) the extent of the threat to the suspect's health and safety; (2) the extent of the intrusion on the individual's dignitary interests in personal privacy and bodily integrity; and (3) law enforcement's need for the evidence. *United States v. Ruffin*, 979 F.3d 528, 533 (6th Cir. 2020) (citing *United States v. Booker*, 728 F.3d 535, 546-47 (6th Cir. 2013)).

Plaintiff claims that Defendant unreasonably invaded his personal privacy while searching him during the second search. It is likely that Defendant Ullrich did not even have reasonable

4

suspicion to perform a Terry Frisk, much less the probable cause required to perform a strip search or body cavity search of Plaintiff. Despite allegedly finding a miniscule, unrecoverable amount of marijuana, in the purse of his passenger, Plaintiff was strip searched, penetrated, and fondled in the most sensitive areas. There was no probable cause to support such an intensive search. The passenger, by comparison, only received a standard, "over-the-clothes" search.

### 2. First Amendment Retaliation

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To adequately plead a First Amendment retaliation claim, a plaintiff must allege: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir.2005).

The First Amendment to the United States Constitution provides that Congress shall make no law abridging the freedom of speech, and the Fourteenth Amendment extends that restriction to State actors. Plaintiff claims that he was subjected to this unreasonable search in direct retaliation for exercising his free speech rights when engaging with Defendant. Even insulting language is not sufficient to generate probable cause, because it is legally protected. The fact that Plaintiff received a much more invasive search than the passenger who actually did possess an illegal substance shows that Defendant was not motivated by probable cause in conducting his searches.

### B. Procedural Issues of Law

Plaintiff does not believe there are any procedural issues of law in this case.

5

**C. Evidentiary Issues**
   **1. <u>Whether Plaintiff's criminal history is inadmissible</u>**

Plaintiff has been convicted of crimes referenced on the record. (R. 52-1 to 52-5 PageID# 412-424). Plaintiff objects to the admission of this evidence for the suggested purpose of proving that his emotional distress was caused by other sources. Defendant's arguments speculate that prior events can cause emotional distress and this prior emotional distress acts as a bar to the recovery of damages for emotional distress generally.

In the Sixth Circuit, trial courts employ a three-step process to determine admissibility under 404(b)(2). *United States v. Barnes*, 822 F.3d 914, 920-921, (6th Cir. 2016) citing *United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013). There must be sufficient evidence that the crime took place, that evidence must be offered for a proper purpose, finally, the court must determine whether the probative value substantially outweighs the risk of unfair prejudice. While causation is an "other purpose" for which "other bad acts" may be admissible, Defendant seeks to use prior convictions that do not bear on the causation Plaintiff's emotional distress following his incident with Defendant.

In this case, admission of Cundiff's convictions boils down to whether the convictions' probative value is substantially outweighed by the risk of unfair prejudice. The rote recital of the convictions against Plaintiff has little probative value. None of these crimes are related to the Plaintiff's claim that his civil rights were violated. The Defendant cannot prove that these prior convictions were a cause of the emotional distress that Plaintiff experienced as a result of Defendant's actions without expert testimony. The probative value of these convictions, as Defendant plans to use them, is based on speculation. However, admission of these convictions into evidence would have a severely prejudicial affect against Plaintiff. For this reason, Plaintiff

6

has asked that the convictions be kept out, and if they are admitted, that a limiting instruction be given.

**2. <u>Whether Defendant's other lawsuits are admissible</u>**

Defendant seeks to exclude the presentation of any evidence of other lawsuits against Defendant Ullrich on the grounds that any such lawsuits are irrelevant or that it is improper character evidence. There is another lawsuit against Defendant Ullrich in which he has been accused of inappropriately fondling the plaintiff's genitals. *Wynn v. City of Covington*, E.D. Ky. Civil Action No. 21-CV-137-DLB-CJS. This case is relevant because it has a tendency to make the fact that Defendant groped and digitally penetrated Plaintiff more likely. Defendant then argues this is character evidence, but this evidence can be used to show a lack of accident on the part of Defendant.

Respectfully Submitted,

**/s/ Christopher D. Roach**
CHRISTOPHER D. ROACH (KY 95007)
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2024, notice was provided to all counsel of record via the Court's CM/ECF system

**/s/ CHRISTOPHER D. ROACH**
CHRISTOPHER D. ROACH
PUGH & ROACH, ATTORNEYS AT LAW, PLLC