**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                                          **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH**, *et al.*                                                          **DEFENDANTS**

---

**DEFENDANT'S FINAL PRETRIAL MEMORANDUM**

---

Pursuant to this Court's Order of August 22, 2023 (R. 47), Defendant, Douglas Ullrich, in his individual capacity, respectfully submits this Final Pretrial Memorandum.

**I.       JURISDICTION OF THE COURT**

This action arises under the laws (i.e., 42 U.S.C. § 1983) and the Constitution (i.e., the First and Fourth Amendments) of the United States. Thus, the Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**II.      KIND OF ACTION**

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff, Jeffrey Cundiff alleges Defendant, Officer Doug Ullrich retaliated against him in violation of his First Amendment rights after Cundiff called Ullrich a "dick sucker". Cundiff also alleges that the search Ullrich conducted of Cundiff during a traffic stop was unlawful in violation of his Fourth Amendment rights.

**III.     STATEMENT OF FACTS**

On June 8, 2020, at 2:22 a.m., Covington Police Officer Douglas Ullrich stopped a vehicle driven by Jeffrey Cundiff, after observing him drive through the stop sign without stopping, at a high rate of speed. After Officer Ullrich initiated his emergency signals, Cundiff

1

continued to drive for approximately 25 to 30 seconds before pulling over. As he did, Officer Ullrich observed Cundiff sitting up in his seat and reaching as if he were attempting to conceal something in his body or clothing. Officer Ullrich suspected potential drug activity in the vehicle.

Officer Ullrich approached Cundiff's vehicle and engaged him in conversation. Cundiff's demeanor, behavior, and inability to follow simple instructions reinforced Officer Ullrich's suspicion of drug activity, so he called a K-9 handler, Officer Mark Richardson, to the scene. Additionally, several other Covington officers arrived during the stop.

As they waited for Officer Richardson's arrival, Officer Ullrich directed Cundiff and his female passenger, Megan Sprague, to get out of his vehicle. Officer Ullrich handcuffed Cundiff, and then conducted a quick pat down of both occupants before having them sit on the street curb while he continued his investigation.

During this interaction, Cundiff told Officer Ullrich, "You don't have to be a dick sucker."

While Cundiff and Sprague were seated at the curb, Officer Richardson and his K-9, Zino, conducted a vehicle sniff. Zino positively alerted on the vehicle, indicating the presence of a narcotic odor. Based on Zino's alerts, Officers on scene searched the vehicle and located an unrecoverable amount of suspected marijuana shake in the front passenger's purse, as well as a significant amounts of cash on the passenger's seat.

Officer Ullrich had a female officer, Samantha Fieger, perform a search of Sprague, which located no drugs.

Meanwhile, Officer Ullrich escorted Cundiff to the front of his cruiser and asked him if he had anything hidden on his person. He ordered Cundiff to spread his legs apart before

he began a more thorough search of Cundiff, who was wearing basketball shorts with an elastic waistband. Officer Ullrich stretched the waistband out and reached into the front, sides, and back of Cundiff's shorts. Officer Ullrich also glanced into the shorts as he suspected Cundiff was concealing narcotics on his person during the initial stop. Officer Ullrich, however, did not find any narcotics.

After citing Cundiff for disregarding a stop sign, Officer Ullrich released Cundiff.

Cundiff filed suit against Officers Ullrich and Richardson alleging violation f his Fourth and First Amendment rights. After the Court's rulings on the parties' respective dispositive motions, two claims remain:  Cundiff's § 1983 claim against Officer Ullrich for unreasonable search and seizure under the Fourth Amendment, and his § 1983 claim against Officer Ullrich for First Amendment retaliation.

## IV.   ISSUES OF LAW (SUBSTANTIVE)

1.      Whether Officer Ullrich's search of Cundiff was reasonable.

2.      Whether Officer Ullrich was motivated to conduct the search because Cundiff called him a "dick sucker."

## V.   ISSUES OF LAW (PROCEDURAL)

Officer Ullrich is not aware of any procedural issues for the Court to resolve.

## VI.   ISSUES OF LAW (EVIDENTIARY)[1]

The following evidentiary issues are presented by the parties' respective Motions in Limine:

1.      Whether Cundiff is precluded from introducing evidence that he incurred medical expenses for treatment with Dr. Harris.

---

[1] See Motions in Limine (R. 50 and R. 51)

2.      Whether Cundiff is precluded from calling Dr. Harris to testify at trial.

3.      Whether Cundiff is precluded from introducing evidence of other lawsuits against Officer Ullrich, including, but not limited to, the facts alleged in *Wynn v. City of Covington*, E.D. Ky. Civil Action No. 21-CV-137-DLB-CJS.

4.      Whether Cundiff's prior criminal convictions are admissible.

Respectfully submitted,


**/s/ Jeffrey C. Mando**
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87960)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*


### CERTIFICATE OF SERVICE

I hereby certify that on this **2nd** day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.


**/s/ Jeffrey C. Mando**
Jeffrey C. Mando, Esq.