**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                   **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH, et al.**                                          **DEFENDANTS**

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

---

Come now Plaintiff Jeffrey Cundiff, by and through counsel, and tenders their proposed jury instructions.

## **INTRODUCTION**

Now that you have heard the evidence and arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but instead must consider the instructions in their entirety. Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing the Court says in these instructions is to be taken as an indication that it has any opinion about the facts of the case, or what the opinion is. It is not the Court's function to determine the facts, but rather yours.

1

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented during the trial, and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

Authority: *Wehner v. Breslin et al.*, 2:16-cv-0193-WOB

# INSTRUCTION NO. 2

## <u>BURDEN OF PROOF</u>

In a civil action such as this, the burden is on Jeffrey Cundiff, to prove every essential element of his claims by a preponderance of the evidence. If the proof should fail to establish any essential element of Jeffrey Cundiff's claim by a preponderance of the evidence, you should find for Douglas Ullrich, Douglas Ullrich.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority: Pattern Jury Instructions (Civil Cases) Fifth Circuit, §3.1

# INSTRUCTION NO. 3

## <u>CREDIBILITY OF WITNESSES</u>

Another part of your job as jurors is to decide the credibility of each witness. This is your job, not the Court's. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. You should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A) Ask yourself it the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Jeffrey Cundiff or Douglas Ullrich Deputies, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Authority: *Wehner v. Breslin et al.*, 2017 WL 9937686, 2:16-cv-0193-WOB

# INSTRUCTION NO. 4

## __LAW-ENFORCEMENT OFFICER TESTIMONY__

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

Authority: Pattern Jury Instructions (Civil Cases) Fifth Circuit, §2.15

# INSTRUCTION NO. 4

## NATURE OF THIS ACTION

This case stems from a search that Defendant, Covington Police Officer Douglas Ullrich, conducted of Plaintiff, Jeffrey Cundiff, during a traffic stop on June 8, 2020.

Mr. Cundiff claims that Officer Ullrich violated his rights under the Fourth Amendment of the United States Constitution by searching his person during the traffic stop when Officer Ullrich searched under Mr. Cundiff's clothing and manipulating his genitals and performing a body cavity search by inserting his finger into his anus. Additionally, Mr. Cundiff claims Officer Ullrich violated his rights under the First Amendment as the real reason for his search was to retaliate against him after he called Officer Ullrich a "dick sucker."

Jeffrey Cundiff claims that Douglas Ullrich intentionally violated his federal constitutional rights. Specifically, Jeffrey Cundiff claims that Douglas Ullrich pulled him over, searched his car, inserted a finger into his rectum, and groped him repeatedly, despite having no probable cause or reasonable suspicion to search him. Jeffrey Cundiff claims that Douglas Ullrich violated his federal constitutional rights in this way in retaliation for constitutionally protected statements he made to them.

# INSTRUCTION NO. 5

### 42 U.S.C. §1983

Jeffrey Cundiff has made claims for damages under the provisions of Title 42, United

States Code, Section 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law … for
> redress.

To establish a claim under Section 1983, Jeffrey Cundiff must prove, by a preponderance

of the evidence, each of the following three elements:

1. That the acts complained of were committed by Douglas Ullrich acting under color of
   state law;

2. That in committing these acts, Douglas Ullrich intentionally or recklessly deprived
   Jeffrey Cundiff of rights, privileges, or immunities secured by the Constitution or
   laws of the United States; and

3. That Douglas Ullrich's acts were the proximate cause of injuries sustained by Jeffrey
   Cundiffs.

It is admitted in this case that Douglas Ullrich was acting under color of state law at all

times described in the evidence, therefore the first element requires no proof.

The "rights, privileges, or immunities" protected by Section 1983 includes those secured

by the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United

States Constitution. The parties dispute whether Jeffrey Cundiff was deprived of his federal

constitutional rights, privileges, or immunities.

The third element, whether Douglas Ullrich's Acts were the proximate cause of the injuries

sustained by Jeffrey Cundiff, is also in dispute. Under Section 1983, Douglas Ullrich's act or

conduct is a proximate cause if it was (1) a substantial factor in bringing about Jeffrey Cundiff's

injury; and (2) a reasonably foreseeable consequence of the act or conduct. An injury that is the direct result of or a reasonable consequence of Douglas Ullrich's conduct is proximately caused by that conduct. Douglas Ullrich may still be liable even if another person is the immediate trigger or an additional cause of the injury. The question is whether a reasonable person would regard Douglas Ullrich's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

Authority: *Wesley v. Rigney*, 2:10-cv-00051-DLB-JGW, E.D. Ky.

# INSTRUCTION NO. 6

## FOURTH AMENDMENT – UNREASONABLE SEARCH

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendant Officer Ullrich deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him rights under the Fourth Amendment to the Constitution when he searched his body including the manipulation of his genitalia and inserting his finger into Plaintiff's rectum.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. To prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Officer Ullrich searched the plaintiff's person;

2. in conducting the search, Defendant Ullrich acted intentionally; and

3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiff must prove the defendant intended to search the plaintiff's person. It is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search. However, the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights.

In determining whether the search was unreasonable, consider all of the circumstances, including:

a. the extent of the threat to the suspect's health and safety;

b. the extent of the intrusion on the individual's dignitary interests in personal privacy and bodily integrity; and

c. law enforcement's need for the evidence.

9

Authority:

*9th Circuit Pattern Civil Instructions § 9.12*
*United States v. Ruffin, 979 F. 3d 528, 533 (6th Cir. 2020)*

# INSTRUCTION NO. 7

## <u>FIRST AMENDMENT RETALIATION</u>

Jeffrey Cundiff claims that Douglas Ullrich violated his rights under the First Amendment to the United States Constitution. Specifically, Jeffrey Cundiff claims that Douglas Ullrich proceeded to seize and search his person and car in retaliation for Jeffrey Cundiff's decision to exercise his First Amendment right to free speech upon Douglas Ullrich's initiation of the encounter.

The First Amendment protects the free speech and expression of private citizens. When a Douglas Ullrich has conducted himself in a way that would recover damages for this alleged constitutional violation, Jeffrey Cundiff must prove by a preponderance of the evidence that:

1.    Jeffrey Cundiff was exercising his constitutionally-protected right to free speech;

2.    Douglas Ullrich's actions against the Jeffrey Cundiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.    Jeffrey Cundiff's protected activity was a substantial or motivating factor in Douglas Ullrich's conduct. (A substantial or motivating factor is a significant factor, though not necessarily the only factor.)

I instruct you that Jeffrey Cundiff's speech in this case about Douglas Ullrich was protected under the First Amendment and, therefore, the first element requires no proof. However, if Jeffrey Cundiff fails to prove any of the remaining elements, you must find for Douglas Ullrich.

Authority:      5th Circuit Pattern Jury Instructions §10.6
                9th Circuit Manual of Model Jury Instructions §9.11

# INSTRUCTION NO. 8

## <u>DAMAGES -- GENERALLY</u>

Simply because these instructions contain a section on damages should not be construed by you as any indication that the Court believes you should find for Jeffrey Cundiff. Rather, the Court must instruct you on the law of damages, if you decide that Jeffrey Cundiff is entitled to recover. Only then do you have to know how to go about computing damages. The Court is not expressing any views, one way or the other, as to whether Jeffrey Cundiff should recover in this case.

The Court also instructs you that an attorney's statements to you of the amount that you should return in your verdict is not evidence and is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justify and fairly compensate Jeffrey Cundiff for injuries that you believe she has sustained. You will make that determination based on the evidence in this case and the instructions the Court has given to you, and on the basis of any attorneys' statement, claim, or argument.

## INSTRUCTION NO. 9

### <u>COMPENSATORY DAMAGES</u>

If you have found in favor of Jeffrey Cundiff on any claim, your first task is to determine the amount of actual, or what the law calls "compensatory," damages sustained by him. You should award Jeffrey Cundiff an amount that justly and fairly compensates him for any injuries and damages you believe she has sustained as a direct consequence of the conduct of Douglas Ullrich. Compensatory damages may be awarded only based on actual injuries caused by Douglas Ullrich and cannot be presumed or based on the abstract value of a constitutional right. Consequently, Jeffrey Cundiff must prove actual injury caused by Douglas Ullrich's conduct to be entitled to compensatory damages and any award of damages must be based upon the evidence, not on speculation or on sympathy you might feel towards him.

Compensatory damages are not limited to expenses that Jeffrey Cundiff may have incurred because of his injury. If Jeffrey Cundiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Douglas Ullrich's wrongful conduct. However, you may award compensatory damages only for injuries that Jeffrey Cundiff proves were proximately caused by Douglas Ullrich's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Jeffrey Cundiff's damages, no more and no less.

Authority: 5th Circuit Pattern Jury Instructions, §15.2

13

# INSTRUCTION NO. 10

## <u>COMPENSATORY DAMAGES – EMOTIONAL DISTRESS</u>

To recover compensatory damages for mental and emotional distress, Jeffrey Cundiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Jeffrey Cundiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

Authority:     5th Circuit Pattern Jury Instructions, §10.12.
              *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 718 (5th Cir. 1998)
              *Bolden v. Southeastern Pennsylvania Transp. Authority*, 21 F.3d 29, 36 (3d Cir. 1994).
              *Chainey v. Street*, 523 F.3d 200, 216 (3d Cir. 2008)

# INSTRUCTION NO. 11

## **Punitive Damages**

If you find that Douglas Ullrich acted with malice or with reckless indifference to the rights of others, you may, in addition, award punitive damages. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Jeffrey Cundiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Jeffrey Cundiff has been made whole by compensatory damages, so punitive damages should be awarded only if Douglas Ullrich's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Douglas Ullrich's conduct, including but not limited to whether there was deceit, cover-up, insult, or intended or reckless injury;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may also consider the financial resources of Douglas Ullrich in fixing the amount of punitive damages.

Authority: 5th Circuit Pattern Jury Instructions, §15.7

## **SPECIAL VERDICT**

Having heard my instructions regarding the law, you will now answer the following questions: Your verdict is to be unanimous. Therefore, all of you must agree whether your answer to each of the following questions is "yes" or "no." Please signify your agreement by having the foreperson you have selected check the appropriate answer and sign his or her name where indicated.

Authority: Gerken v. Marksbury, 2:15-cv-00148 (E.D. Ky 2015)

## QUESTION No. 1

## FOURTH AMENDMENT – UNREASONABLE SEARCH & SEIZURE

Do you find by a preponderance of the evidence that Defendant, Douglas Ullrich was unreasonable in searching Plaintiff Jeffrey Cundiff's body, including Plaintiff's body cavity, on or about June 8, 2020, and that such conduct proximately caused Jeffrey Cundiff's injury?

**Yes** _____ **No**

**Foreperson**

## <u>QUESTION No. 2</u>

## <u>FIRST AMENDMENT RETALIATION</u>

Do you find by a preponderance of the evidence that Jeffrey Cundiff's protected statement motivated Douglas Ullrich, to remove him from his car, handcuff him and search his car and person, and that Douglas Ullrich's doing so would dissuade a person of ordinary firmness from continuing to engage in such protected speech?

**Yes** _____ **No**

**Foreperson**

## **<u>DAMAGES INSTRUCTION</u>**

If you answered "yes" to Question No. 1 or 2, you have found in Jeffrey Cundiff's favor and you must now determine damages. Jeffrey Cundiff has the burden of proving his damages by a preponderance of the evidence. "Damages" means the amount of money that will reasonably and fairly compensate Jeffrey Cundiff for the injuries proximately caused by Douglas Ullrich's conduct. Damages may not be based on speculation or sympathy. They must be based only on the evidence presented at trial and only that evidence.

*Proceed to Damages Questions A and B*

Authority: Gerken v. Marksbury, 2:15-cv-00148 (E.D. Ky 2015)

### DAMAGES – QUESTION 1

Please indicate what sum in compensatory damages Jeffrey Cundiff has proven by a preponderance of the evidence is necessary to compensate him for the damages he sustained as a direct result of Douglas Ullrich's conduct:

(1) Pain and Suffering and emotional distress:      $_____

## **<u>DAMAGES – QUESTION 2</u>**

Please indicate what sum in punitive damages Jeffrey Cundiff has proven by a preponderance of the evidence is necessary to punish Douglas Ullrich for his malicious and/or reckless conduct and discourage others from engaging in similar behavior:

(1) Punitive Damages:                              $_____