**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                                             **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH,** *et al.*                                                     **DEFENDANTS**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant, Douglas Ullrich, by and through counsel, and pursuant to the Court's Final Pretrial Order, submits the Proposed Jury Instructions.

                                                                 Respectfully submitted,

                                                                 ***/s/ Jeffrey C. Mando***
                                                                 Jeffrey C. Mando, Esq. (#43548)
                                                                 Jennifer L. Langen, Esq. (#87960)
                                                                 ADAMS LAW, PLLC
                                                                 40 West Pike Street
                                                                 Covington, KY  41011
                                                                 859.394.6200 | 859.392.7200 – Fax
                                                                 jmando@adamsattorneys.com
                                                                 jlangen@adamsattorneys.com

                                                                 *Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **9th** day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

                                                                ***/s/ Jeffrey C. Mando***
                                                                 Jeffrey C. Mando, Esq.

**INSTRUCTION NO. 1**

**Introductory Instruction**

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather, yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

AUTHORITY:
*Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 1)
*Helfrich v. Rodriguez*, E.D.Ky. Case No. 2008-210 (WOB), Doc. No. 88 (Instr. No. 1)
*Gonzalez v. Lusardi*, E.D.Ky. Case No. 2010-142-DLB, Doc. No. 127 (Instr. No. 1).
*Gerken v. Marksbury*, E.D.Ky. Case No. 2015-148 (WOB), Doc. No. 76 (Instr. No. 1).

**INSTRUCTION NO. 2**

**Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)   Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)   Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)   Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)   Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

3

(F) Ask yourself if the witness testified inconsistently while on the stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

AUTHORITY:
*Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 1)
*Helfrich v. Rodriguez*, E.D.Ky. Case No. 2008-210 (WOB), Doc. No. 88 (Instr. No. 2)
*Gonzalez v. Lusardi*, E.D.Ky. Case No. 2010-142-DLB, Doc. No. 127 (Instr. No. 2)
*Gerken v. Marksbury*, E.D.Ky. Case No. 2015-148 (WOB), Doc. No. 76 (Instr. No. 3)

4

# INSTRUCTION NO. 3
## Impeachment by Felony Conviction

During trial, Officer Ullrich presented evidence that Mr. Cundiff has previously been convicted of crimes that are punishable by more than one year in jail, or that involve dishonesty or false statements. You may consider this evidence for the purpose of evaluating Mr. Cundiff's credibility. In other words, you may consider the fact that Mr. Cundiff is a convicted felon in deciding how much, if any, of his testimony to accept as true and how much weight, if any, to give his testimony.

AUTHORITY:
Modern Federal Jury Instructions – Civil, Instr. No. 76-6 (Impeachment by Felony Conviction), LexisNexis Forms FORM 4854a-76-6.

## **INSTRUCTION NO. 4**

## **Burden of Proof**

As the Plaintiff, Mr. Cundiff bears the burden of proof, meaning that, if he is to prevail on a particular claim, he must prove each element of that claim by a preponderance of the evidence. If he fails to do so, you should find for the Defendant, Officer Ullrich, on that claim.

To "prove … by a preponderance of the evidence" means to establish that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any element has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

AUTHORITY:
*Helfrich v. Rodriguez*, E.D.Ky. Case No. 2008-210 (WOB), Doc. No. 88 at Instruction No. 5

## **INSTRUCTION NO. 5**

## **Instruction Specific to Mr. Cundiff's Fourth Amendment Claim**

This action arises from a search conducted by Officer Ullrich of Mr. Cundiff on June 8, 2020. Mr. Cundiff claims Officer Ullrich unreasonably searched him by gratuitously fondling Mr. Cundiff's genitals and by inserting a finger into Mr. Cundiff's rectum, such that Officer Ullrich violated Mr. Cundiff's rights under the Fourth Amendment. Officer Ullrich denies Mr. Cundiff's allegations.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. As the Plaintiff in this action, Mr. Cundiff must prove that the scope of the search was unreasonable.

Whether or not a particular search is unreasonable depends on all the circumstances under which it was conducted. Therefore, in determining whether or not Mr. Cundiff has proven his claim, you must consider all of the circumstances under which Officer Ullrich conducted the search, including: (a) the scope of the search; (b) the manner in which the search was conducted; (c) the justification for initiating the search; (d) the place in which the search was conducted; and (e) any other factor you believe affects whether or not the search was unreasonable.

AUTHORITY:
*U.S. v. Jackson*, 801 Fed. Appx. 941 (6th Cir. 2020)
*Bell v. Wolfish*, 441 U.S. 520 (1979)

## **INSTRUCTION NO. 6**

You have heard testimony that other officers searched Mr. Cundiff's vehicle on June 8, 2020. Mr. Cundiff consented to the search of his vehicle and does not claim the other officers violated his rights in conducting it. Therefore, that search is not at issue in this case, and should not factor into your assessment of Officer Ullrich's search of Mr. Cundiff.

## INSTRUCTION NO. 7

### Instructions Specific to Mr. Cundiff's First Amendment Claim

During the traffic stop, Mr. Cundiff said to Officer Ullrich: "You don't gotta be a dick sucker." Mr. Cundiff claims that Officer Ullrich retaliated against him for making that statement by effectuating an unreasonable search in which Officer Ullrich gratuitously fondled Mr. Cundiff's genitals and inserted a finger in Mr. Cundiff's rectum. Officer Ullrich denies that claim.

The First Amendment prohibits government officials from retaliating against a person for exercising the person's First Amendment rights. To prove that Officer Ullrich retaliated against him in violation of the First Amendment, Mr. Cundiff must prove each of the following three elements by a preponderance of the evidence.

First, Mr. Cundiff must establish that he engaged in constitutionally protected conduct. You are hereby instructed that Mr. Cundiff's statement – "You don't gotta be a dick sucker" – was protected by the First Amendment.

Second, Mr. Cundiff must prove (a) that Officer Ullrich took an adverse action against him and (b) that the adverse action Officer Ullrich took would deter a person of ordinary firmness from continuing to engage in that constitutionally protected conduct. Mr. Cundiff claims Officer Ullrich took adverse action against him by effectuating an unreasonable search in which Officer Ullrich gratuitously fondled Mr. Cundiff's genitals and inserted a finger in Mr. Cundiff's rectum, conduct that Officer Ullrich denies engaging in. So, in deciding whether Mr. Cundiff has proven the second element of his First Amendment retaliation claim, you must first consider whether Officer Ullrich actually engaged in the action that Mr. Cundiff claims was adverse. Then, if you believe Officer Ullrich engaged in that conduct, you must

9

also decide whether such conduct would deter a person of ordinary firmness from saying "you don't gotta be a dick sucker" to a police officer.

Third, Mr. Cundiff must prove that Officer Ullrich's decision to search Mr. Cundiff was motivated by the fact that Mr. Cundiff had said "you don't gotta be a dick sucker."

If you find that Mr. Cundiff has proven all three of the elements enumerated above, it becomes Officer Ullrich's burden to establish that he had a legitimate, non-retaliatory reason for searching Mr. Cundiff. Officer Ullrich claims he had such a reason. Specifically, Officer Ullrich contends he searched Mr. Cundiff because he believed, based on his observations of Mr. Cundiff from the time Officer Ullrich first saw Mr. Cundiff driving his vehicle until the time Officer Ullrich initiated the search, that Mr. Cundiff had hidden drugs on his person. You are hereby instructed that such a belief is a legitimate, non-retaliatory reason for searching Mr. Cundiff, even if the belief is mistaken.

Therefore, if you find that Mr. Cundiff has proven all three of the elements enumerated above, you must further consider whether Officer Ullrich has proven, by a preponderance of the evidence, that his search of Mr. Cundiff was motivated by a belief that Mr. Cundiff had drugs on his person, rather than by the fact that Mr. Cundiff had said "you don't gotta be a dick sucker" to Officer Ullrich.  If you find Officer Ullrich was motivated by such a belief, you will find in his favor on Mr. Cundiff's First Amendment retaliation claim.

AUTHORITY:
*Paterck v. Village of Armada*, 801 F.3d 630 (6th Cir. 2015)
*Thaddeus X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)

10

# INSTRUCTION NO. 8

## Charge to the Jury

Having heard my instructions regarding the law on each of Mr. Cundiff's claims, you will answer the following questions. Your verdict is to be unanimous. Therefore, all of you must agree whether the answer to each of the following questions is "yes" or "no." Please signify your agreement by having the Foreperson you have selected check the appropriate answer and sign his or her name where indicated.

AUTHORITY:
*Helfrich v. Rodriguez*, E.D.Ky. Case No. 2008-210 (WOB), Doc. No. 88 at Instruction No. 8

## **QUESTION 1**

Considering Instruction No. ___, has Mr. Cundiff proven by a preponderance of the evidence that Officer Ullrich unreasonably searched Mr. Cundiff by gratuitously fondling Mr. Cundiff's genitals and inserting a finger in Mr. Cundiff's rectum?

      YES _____     NO _____

                                            _____
                                            FOREPERSON

**IMPORTANT!**

**Whether you answered "yes" or "no" to Question 1, please proceed to Question 2(A).**

12

## **QUESTION 2(A)**

Considering Instruction No. _____, has Mr. Cundiff proven by a preponderance of the evidence that:

Searching someone is sufficient to deter a person of ordinary firmness from saying "You don't gotta be a dick sucker" to a police officer;

And

In searching Mr. Cundiff, Officer Ullrich was motivated by the fact that Mr. Cundiff had said "you don't gotta be a dick sucker" to Officer Ullrich?

        YES _____    NO _____

                                                                  FOREPERSON

**IMPORTANT!**

**If your response to Question 1 is "no" _and_ your response to Question 2(A) is "no," your deliberations are complete. Do not consider any additional questions. Instead, please return to the courtroom.**

**If your response to Question 1 was "yes" _and_ your response to Question 2(A) is "no," please skip Question 2(B) and proceed directly to the Damages Instruction.**

**If your response to Question 2(A) is "yes," please proceed to Question 2(B), regardless of whether you answered "yes" or "no" to Question 1.**

## **QUESTION 2(B)**

Considering Instruction No. \_\_\_\_, did Officer Ullrich prove by a preponderance of evidence that his search of Mr. Cundiff was motivated by a belief that Mr. Cundiff had drugs hidden on his person?

YES _____   NO _____

_____
FOREPERSON

**IMPORTANT!**

**Proceed to the Damages Instruction if, and only if, one of the following is true:**

- **You answered "yes" to Question 1; *or***
- **You answered "no" to Question 1 *and* "yes" to Question 2A *and* "no" to Question 2B.**

**Otherwise, your deliberations are complete. Do not answer any additional questions. Instead, please return to the courtroom.**

## **DAMAGES INSTRUCTION**

### **Damages - Generally**

Simply because these Instructions contain a section on Damages should not be construed by you as any indication that I believe you should find in favor of the Plaintiff. Rather, I have to charge you on the law of damages in the event that you decide that the Plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. I am not expressing any views one way or the other as to whether the Plaintiff should recover in this case.

I also instruct you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate a plaintiff for any injuries or damages you believe he or she has sustained. You will make that determination based on the evidence in this case and the law I will give you, and not on the basis of any attorney's statement, claim or argument.

### ***Actual or Compensatory Damages***

If you have found in favor of the Plaintiff, Mr. Cundiff, your first task is to determine the amount of actual or what the law calls "compensatory" damages allegedly sustained by him. You should award the Plaintiff an amount that justly and fairly compensates him for any injuries and damages you believe he has actually sustained as a direct consequence of the conduct of the Defendant, Officer Ullrich. Your award of damages, however, must be based upon the evidence presented by the Plaintiff, not on speculation or on sympathy you might feel for him. It is the Plaintiff's burden to prove the amount of damages.

**Punitive Damages**

If you have awarded Mr. Cundiff compensatory damages, you may, but are not required to, award him punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Mr. Cundiff has the burden of proving that punitive damages should be awarded, and the burden of proving the amount, by a preponderance of the evidence. You may award punitive damages only if you find that Officer Ullrich's conduct was malicious, or in reckless disregard of Mr. Cundiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any are awarded, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of a defendant's conduct and the relationship of any award of punitive damages to the actual harm inflicted on the plaintiff.

## **DAMAGES QUESTION NO. A**

Indicate what sum of damages, if any, Mr. Cundiff, has proven by a preponderance of the evidence is necessary to compensate him for the damages he has experienced as a proximate result of Officer Ullrich's conduct:

$_____

_____
FOREPERSON

## **DAMAGES QUESTION NO. B**

If you awarded Mr. Cundiff compensatory damages, you may also, but are not required to, award him punitive damages. What amount of punitive damages, if any, do you wish to award against Officer Ullrich to Mr. Cundiff?

$_____

_____
FOREPERSON

**Your deliberations are complete. Please return to the courtroom.**