# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON
# CASE NO. 2:21-CV-00072-DLB

**JEFFREY CUNDIFF**                                                                                        **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH,** *et al.*                                                        **DEFENDANTS**

## DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE

Defendant, Douglas Ullrich, by and through counsel, respectfully moves the Court to preclude Plaintiff, Jeffrey Cundiff, from eliciting testimony about, introducing evidence related to, or referencing the disposition of the traffic citation he received following the traffic stop of June 8, 2020, because the evidence is not relevant to the issues for trial and alternatively, under FRE 403. A Memorandum in Support and proposed Order are attached.

                                                            Respectfully submitted,

                                                            **/s/ Jeffrey C. Mando**
                                                            Jeffrey C. Mando, Esq. (#43548)
                                                            Jennifer L. Langen, Esq. (#87960)
                                                            ADAMS LAW, PLLC
                                                            40 West Pike Street
                                                            Covington, KY 41011
                                                            859.394.6200 | 859.392.7200 – Fax
                                                            jmando@adamsattorneys.com
                                                            jlangen@adamsattorneys.com

                                                            *Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

## CERTIFICATE OF SERVICE

I hereby certify that on the **22nd** day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:21-CV-00072-DLB**

**JEFFREY CUNDIFF**                                                                                       **PLAINTIFF**

**v.**

**DOUGLAS ULLRICH,** *et al.*                                                     **DEFENDANTS**

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION IN LIMINE**

---

Defendant, Douglas Ullrich, by and through counsel, by and through counsel, for his Memorandum in Support of his Supplemental Motion in Limine, states as follows:

**I.    INTRODUCTION**

On June 8, 2020, Officer Ullrich initiated a traffic stop of Jeffrey Cundiff after observing Cundiff disregard a stop sign at the intersection of Kavanaugh and 14th Streets. During the stop, Officer Ullrich came to suspect that Cundiff and/or his passenger were involved in drug crimes, and searched Cundiff's clothing and person for evidence of such crimes. At the conclusion of the traffic stop, Officer Ullrich issued a citation to Cundiff for disregarding a traffic control sign. For undisclosed reasons, the Kenton District Court dismissed the citation without prejudice on July 16, 2020.

**II.    THE DISPOSITION OF THE CITATION IS NOT RELEVANT TO PLAINTIFF'S CLAIMS**

Cundiff must be precluded from telling the jury, or presenting evidence that, the citation for running the stop sign was dismissed, because the disposition of the citation is not relevant to his claims.

Evidence is not admissible if it is not relevant. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable, and the fact is of consequence in

determining the action. Fed. R. Evid. 401. Given the nature of Cundiff's claims, the disposition of his citation has no tendency to make more or less probable any fact that is of consequence to the determination of this action.

### A.  THE DISPOSITION OF THE CITATION IS NOT RELEVANT TO CUNDIFF'S FOURTH AMENDMENT CLAIM

Cundiff's Fourth Amendment claim is predicated on an allegedly unreasonable search of his clothing and person. Thus, the facts that are of consequence to Cundiff's Fourth Amendment claim fall in either of two categories:  (1) those that reflect Officer Ullrich's knowledge that evidence of a drug crime would be found in Cundiff's clothing or on his person, *U.S. v. Stepney*, 2024 U.S. Dist. LEXIS 4459 (S.D. Ohio), citing *Illinois v. Gates*, 462 U.S. 213 (1983) (probable cause for a search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place," a determination that depends on "the objective facts known to the officers at the time of the search"); or, (2) those that reflect where the search occurred, who was present during the search, the steps Officer Ullrich took in conducting the search, and similar factors that define the nature of the search and the circumstances under which it was conducted, *U.S. v. Montoya de Hernandez*, 473 U.S. 531 (1985) ("What is reasonable depends upon all of the circumstances surrounding the search … and the nature of the search … .").

The Kenton District Court's dismissal of the citation without prejudice has no tendency to prove or disprove any fact that reflects Officer Ullrich's knowledge that evidence of a drug crime would be found on Cundiff. Moreover, the dismissal of the citation without prejudice has no tendency to prove or disprove any fact that reflects the nature of the search or the circumstances under which it was conducted. Officer Ullrich's belief that Cundiff had run the stop sign at Kavanaugh and 14th Streets did not influence any of the factors that

2

Cundiff claims made the scope of the search unreasonable, such as where the search occurred, who was present when the search occurred, or the steps Officer Ullrich took in conducting the search.

Because it has no tendency to prove or disprove any fact that is of consequence to Cundiff's unreasonable search claim, evidence related to the dismissal of the citation must be excluded from evidence at trial.

### B. THE DISPOSITION OF THE CITATION IS NOT RELEVANT TO CUNDIFF'S FIRST AMENDMENT RETALIATION CLAIM

Likewise, the disposition of the citation is not relevant to Cundiff's First Amendment retaliation claim, which is predicated on the assertion that Officer Ullrich conducted the search in retaliation for being called a "dick sucker" by Cundiff.

The only facts of consequence to the determination of that claim are: (1) whether Officer Ullrich's search of Cundiff would deter a reasonable person from calling a police officer a name; (2) whether Officer Ullrich would have searched Cundiff but for the fact that Cundiff had called Officer Ullrich the name; and, (3) whether Officer Ullrich had probable cause to believe that evidence of a drug crime would be found on Cundiff, such that the search was legitimate and non-retaliatory. *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). The dismissal of the citation for running the stop sign without prejudice has no tendency to prove or disprove any of these facts.

Because it has no tendency to prove or disprove any fact that is of consequence to Cundiff's First Amendment retaliation claim, evidence related to the dismissal of the citation must be excluded from evidence at trial.

3

### III. ASSUMING ARGUENDO THE DISMISSAL OF THE CITATION IS RELEVANT, IT SHOULD NEVERTHELESS BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

Assuming *arguendo* the dismissal of the citation is relevant, it should nevertheless be excluded under Federal Rule of Evidence 403, which provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, ... [or] misleading the jury ... ."

As previously demonstrated, five facts (or categories of facts) are of consequence to the determination of this action: (1) those that reflect Officer Ullrich's knowledge that evidence of a drug crime would be found in Cundiff's clothing or on his person; (2) those that reflect where the search occurred, who was present during the search, the steps Officer Ullrich took in conducting the search, and similar factors that define the nature of the search and the circumstances under which it was conducted; (3) whether Officer Ullrich's search of Cundiff would deter a reasonable person from calling a police officer a name; (4) whether Officer Ullrich would have searched Cundiff but for the fact that Cundiff had called Officer Ullrich the name; and (5) whether Officer Ullrich had probable cause to believe that evidence of a drug crime would be found on Cundiff, such that the search was legitimate and non-retaliatory. Assuming *arguendo* the dismissal of the citation without prejudice is probative of one or more of these facts, its probative value is minimal at best.

On the other hand, if evidence that the citation was dismissed were to be presented at trial, that evidence would substantially mislead the jury and cause substantial unfair prejudice to Officer Ullrich. Specifically, evidence that the citation was dismissed would likely cause the jury to infer that the citation was dismissed because the traffic stop was not justified in the first place. That would be misleading. Citations can be dismissed for lots of

4

reasons, most of which have nothing to do with the justifications for the traffic stops at which they were written. Although the Kenton District Court did not explain why it dismissed the citation, its Order makes clear that the dismissal was *without prejudice* which means the Commonwealth was not precluded from prosecuting Cundiff in the future for running the stop sign on June 8, 2020. That suggests the citation was *not* dismissed for lack of justification for the traffic stop. After all, had it believed the traffic stop was unjustified, the Kenton District Court could have barred any future prosecution of Cundiff on the underlying charge by dismissing the citation *with* prejudice. Thus, to admit evidence that the citation was dismissed would mislead the jury.

Additionally, evidence that the citation was dismissed would unnecessarily confuse the issues for resolution by the jury, which are actually quite narrow. Cundiff claims Officer Ullrich violated his Fourth Amendment rights by conducting a search that was unreasonable in scope, based on the factual allegation that Officer Ullrich "insert[ed] a finger into Plaintiff's rectum, repeatedly rub[ed] his hand between Plaintiff's buttocks and over Plaintiff's rectum, fondl[ed] Plaintiff's genitalia, and view[ed] Plaintiff's buttocks during the search." (R.1 Complaint at PageId 5) And, Cundiff claims that Officer Ullrich conducted the search in that manner to retaliate against Cundiff for calling Officer Ullrich a "dick sucker." Officer Ullrich denies he took any of those actions during the search, and denies he conducted the search to retaliate against Cundiff. Thus, the jury need only determine whether Officer Ullrich touched Cundiff's body parts in the manner Cundiff alleges, and what motivated Officer Ullrich's decision to search Cundiff. The dismissal of the citation does not relate in any way to whether or how Officer Ullrich touched Cundiff's body parts or to Officer Ullrich's motives in conducting the search. Thus, the jury will naturally begin to consider the issue to which the

5

dismissal of the citation does at first blush seem to relate, i.e., the legality of the initial traffic stop. In other words, evidence that the citation was dismissed will lead the jury to confuse the issues. That confusion is completely unnecessary, given that Cundiff has not asserted a claim based on the legality of the initial traffic stop.

Finally, evidence that the citation was dismissed would unfairly prejudice Officer Ullrich. The inference the jury is likely to draw from such evidence – i.e., that Officer Ullrich was not justified in initiating the traffic stop of Cundiff – would predispose the jury to believe the scope of the search Officer Ullrich conducted was not justified either. That predisposition would prejudice Officer Ullrich. And, because the inference on which that predisposition would be based is faulty, it would be unfair to Officer Ullrich to allow the jury to be so predisposed. Under these circumstances, it would be unfairly prejudicial to Officer Ullrich to admit evidence that the citation was dismissed.

In short, evidence that the citation was dismissed should be excluded because the very limited probative value it might have is substantially outweighed by the risk that it will mislead the jury, cause the jury to confuse the issues, and result in unfair prejudice to Officer Ullrich.

### IV.   CONCLUSION

For these reasons, Defendant, Douglas Ullrich, respectfully requests that the Court grant its Supplemental Motion in Limine, and issue an order barring Cundiff from introducing any evidence that the traffic citation was dismissed.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87960)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Douglas Ullrich, in his individual capacity as a Covington, Kentucky Police Officer*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **22nd** day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Christopher D. Roach, Esq. and Benjamin T.D. Pugh, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

7