**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 21-72-DLB-CJS**

**JEFFREY CUNDIFF**                                                                                                 **PLAINTIFF**


**v.**                                                           **JURY INSTRUCTIONS**


**DOUGLAS ULLRICH**                                                                                       **DEFENDANT**

\* \*  \* \*  \* \* \*  \* \*  \* \*  \* \*  \* \*

**INSTRUCTION NO. 1**

**INTRODUCTION**

(1)      Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

(2)      You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

(3)      Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

1

(4)     Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather, yours.

(5)     Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

*Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 1)

**INSTRUCTION NO. 2**

**EVIDENCE DEFINED**

(1)    You must make your decision based only on evidence that you saw and heard here in this Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of this Court influence your decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.  Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(3)    During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.  Make your decision based on only the evidence, as I have defined it here, and nothing else.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.04 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 2)

## INSTRUCTION NO. 3

### CONSIDERATION OF EVIDENCE

You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.  In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.05 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 3)

## <u>INSTRUCTION NO. 4</u>

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.06 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 4)

**INSTRUCTION NO. 5**

**LAWYERS' OBJECTIONS**

There is one more general subject that I want to talk to you about.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.  And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.09 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 5)

## INSTRUCTION NO. 6

### CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.   Sometimes it may; other times it may not.   Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?   If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

*Helfrich v. Rodriguez*, 2:08-cv-210, Doc. # 88 (Instruction 2); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 6); Sixth Circuit Pattern Criminal Jury Instructions, § 1.08 (2019)

## INSTRUCTION NO. 7

**LAW ENFORCEMENT OFFICER TESTIMONY**

(1)     You have heard testimony from law enforcement officers. The fact that a witness may be employed by the state or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

(2)     It is your decision, after viewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight you find it deserves.

*United States v. Cobb*, 397 F. App'x 128, 139–40 (6th Cir. 2010).

## INSTRUCTION NO. 8

**USE OF NOTES**

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.   You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


Sixth Circuit Pattern Jury Instructions § 8.10 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 7)

## <u>INSTRUCTION NO. 9</u>

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

(1)    This is a civil case. Jeffrey Cundiff is the party who brought this lawsuit. Douglas Ullrich is the party against whom the lawsuit was filed.  Jeffrey Cundiff has the burden of proving his case by what is called the preponderance of the evidence.  That means Jeffrey Cundiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Jeffrey Cundiff and the evidence favorable to Douglas Ullrich on opposite sides of the scales, Jeffrey Cundiff would have to make the scales tip somewhat on his side.  If Jeffrey Cundiff fails to meet this burden, the verdict must be for Douglas Ullrich.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

(2)    In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

(3)    You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and applies only to criminal cases.  It does not apply in civil cases such as this, so you should put it out of your mind.

THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, § 1.10 (2018); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 14)

**INSTRUCTION NO. 10**

**SECTION 1983**

(1)     Jeffrey Cundiff has made a claim for damages under the provisions of Title

42, United States Code, Section 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law . . . for
> redress.

(2)     To establish a claim under Section 1983, Jeffrey Cundiff must prove, by a

preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by Douglas Ullrich acting

under color of state law;

Second, that in committing these acts, Douglas Ullrich intentionally or

recklessly deprived Jeffrey Cundiff of rights, privileges, or immunities

secured by the Constitution or laws of the United States; and

Third, that Douglas Ullrich's acts were the proximate cause of injuries

sustained by Jeffrey Cundiff.

(3)     It is admitted in this case that Douglas Ullrich was acting under color of state

law at all times described in the evidence, therefore the first element has been met.

(4)     The "rights, privileges, or immunities" protected by Section 1983 includes

those secured by the Fourth Amendment and First Amendment of the United States

Constitution. The parties dispute whether Jeffrey Cundiff was deprived of his federal

constitutional rights, privileges, or immunities.

(5)    The third element, whether Douglas Ullrich's Acts were the proximate cause of the injuries sustained by Jeffrey Cundiff, is also in dispute. Under Section 1983, Douglas Ullrich's act or conduct is a proximate cause if it was (1) a substantial factor in bringing about Jeffrey Cundiff's injury; and (2) a reasonably foreseeable consequence of the act or conduct. An injury that is the direct result of or a reasonable consequence of Douglas Ullrich's conduct is proximately caused by that conduct. Douglas Ullrich may still be liable even if another person is the immediate trigger or an additional cause of the injury. The question is whether a reasonable person would regard Douglas Ullrich's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

*Wesley v. Rigney*, 2:10-cv-51, Doc. No. 158 (Instr. No. 3); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 13)

## INSTRUCTION NO. 11

### FOURTH AMENDMENT – UNREASONABLE SEARCH

(1)     As previously explained, Plaintiff Cundiff has the burden of proving by a preponderance of the evidence that the act[s] of Defendant Officer Ullrich deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him rights under the Fourth Amendment to the Constitution when he searched his body by gratuitously manipulating his genitalia and/or inserting his finger into Plaintiff's rectum.

(2)     Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. To prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the search was unreasonable.

(3)     In determining whether the search was unreasonable, you may consider the circumstances, including:

>   a. the scope of the particular intrusion;
>
>   b. the manner in which the search was conducted;
>
>   c. the justification for initiating the search; and
>
>   d. the place in which it was conducted.

*United States v. Jackson*, 801 F. App'x 941, 946 (6th Cir. 2020)

## **INSTRUCTION NO. 12**

### **FIRST AMENDMENT RETALIATION**

(1)     Jeffrey Cundiff claims that Douglas Ullrich violated his rights under the First Amendment to the United States Constitution. Specifically, Jeffrey Cundiff claims that Douglas Ullrich proceeded to seize and search his person and car in retaliation for Jeffrey Cundiff's decision to exercise his First Amendment right to free speech upon Douglas Ullrich's initiation of the encounter.

(2)     The First Amendment protects the free speech and expression of private citizens.   To prove First Amendment retaliation, Jeffrey Cundiff must prove by a preponderance of the evidence that:

> First, that he engaged in constitutionally protected conduct;

> Second, that Douglas Ullrich took an adverse action against Cundiff that would deter a person of ordinary firmness from continuing to engage in that protected conduct; and

> Third, that the adverse action was motivated at least in part by Cundiff's protected conduct.

(3)     I instruct you that Jeffrey Cundiff's speech in this case about Douglas Ullrich was protected under the First Amendment and, therefore, the first element has been met. However, if Jeffrey Cundiff fails to prove any of the remaining elements, you must find for Douglas Ullrich on the First Amendment claim.

*Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 645 (6th Cir. 2015)

15

## INSTRUCTION NO. 13

## DAMAGES -- GENERALLY

(1)     Simply because these instructions contain a section on damages should not be construed by you as any indication that the Court believes you should find for Jeffrey Cundiff. Rather, the Court must instruct you on the law of damages, if you decide that Jeffrey Cundiff is entitled to recover. Only then do you have to know how to go about computing damages. The Court is not expressing any views, one way or the other, as to whether Jeffrey Cundiff should recover in this case.

(2)     The Court also instructs you that an attorney's statements to you of the amount that you should return in your verdict is not evidence and is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justify and fairly compensate Jeffrey Cundiff for injuries that you believe he has sustained. You will make that determination based on the evidence in this case and the instructions the Court has given to you, and on the basis of any attorneys' statement, claim, or argument.

*Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 16)

## INSTRUCTION NO. 14

### COMPENSATORY DAMAGES

(1)     If you have found in favor of Jeffrey Cundiff on any claim, your first task is to determine the amount of actual, or what the law calls "compensatory," damages sustained by him. You should award Jeffrey Cundiff an amount that justly and fairly compensates him for any injuries and damages you believe he has sustained as a direct consequence of the conduct of Douglas Ullrich. Compensatory damages may be awarded only based on actual injuries caused by Douglas Ullrich and cannot be presumed or based on the abstract value of a constitutional right. Consequently, Jeffrey Cundiff must prove actual injury caused by Douglas Ullrich's conduct to be entitled to compensatory damages and any award of damages must be based upon the evidence, not on speculation or on sympathy you might feel towards him.

(2)     Such injury may include mental and emotional distress that was caused by the Defendant.

(3)     Compensatory damages are not limited to expenses that Jeffrey Cundiff may have incurred because of his injury. If Jeffrey Cundiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Douglas Ullrich's wrongful conduct. However, you may award compensatory damages only for injuries that Jeffrey Cundiff proves were proximately caused by Douglas Ullrich's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Jeffrey Cundiff's damages, no more and no less.

Modified 5th Circuit Pattern Jury Instructions, §15.2; *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997).

17

## INSTRUCTION NO. 15

## PUNITIVE DAMAGES

(1)     You may also, but are not required to, award Jeffrey Cundiff punitive damages.  The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

(2)     Jeffrey Cundiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that Officer Ullrich's conduct was malicious, or in reckless disregard of Jeffrey Cundiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety or rights of others.

(3)     If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any are awarded, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.   In considering punitive damages, you may consider the degree of reprehensibility of Officer Ullrich's conduct and the relationship of any award of punitive damages to the actual harm inflicted on Jeffrey Cundiff.


*Wesley v. Rigney*, 2:10-cv-51, Doc. # 158 (Instruction 7); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 16)

## <u>INSTRUCTION NO. 16</u>

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

(1)     You have heard that before this trial, witnesses made statements that may be different from their testimony here in court.

(2)     This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

<u>Sixth Circuit Pattern Jury Instructions</u> § 7.04 (2021)

19

## INSTRUCTION NO. 17

**PRIOR CONVICTIONS**

(1)      You have heard the testimony of Plaintiff Jeffrey Cundiff. You have also heard that before this trial he was convicted of crimes unrelated to the traffic stop in this case, or that involve dishonesty or false statements.

(2)      These earlier convictions were brought to your attention only for two specific purposes.  First, as one way of helping you decide how believable his testimony was. Second, for the limited purpose of determining whether any emotional distress he claims to have experienced was caused by the search by Officer Ullrich on June 8, 2020 or for other reasons. You cannot consider this evidence for any other purpose.

Modified based on Sixth Circuit Pattern Jury Instructions § 7.05A-B (2021)

## <u>INSTRUCTION NO. 18</u>

## INTRODUCTION DELIBERATION AND VERDICT

(1)     Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  How you choose your foreperson is entirely up to you.  This person will help to guide your discussions and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.


SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.01 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 17)

## INSTRUCTION NO. 19

### EXPERIMENTS, RESEARCH, INVESTIGATIONS
### AND OUTSIDE COMMUNICATIONS

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties

22

in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.02 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 18)

## **INSTRUCTION NO. 20**

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Plaintiff has proven his case against the Defendant by a preponderance of the evidence.


SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.09 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 19)

## INSTRUCTION NO. 21

**CHARGE TO THE JURY**

Having heard my instructions regarding the law, you will answer the following questions.  Your verdict on each question is to be unanimous.  Therefore, all of you must agree whether the answer to each of the following questions is "yes" or "no."   Please signify your agreement by having the Foreperson you have selected check the appropriate answer and place his or her juror number where indicated.

*Wesley v. Rigney*, 2:10-cv-51, Doc. # 158 (Instruction 8); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 20)

## INSTRUCTION NO. 22

## DUTY TO DELIBERATE

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven his case against the Defendant.


SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.04 (2019); *Horn v. Smith*, E.D.Ky. Case No. 14-73-DLB-CJS, Doc. No. 442 (Instr. No. 21)